**Larry J. OWINGS, Appellant,**

v.

**DIRECTOR OF REVENUE,
Respondent.**

**No. WD36091.**

Missouri Court of Appeals,
Western District.

July 9, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 27, 1985.

Application to Transfer Denied Jan. 15, 1986.

L.R. Magee, Hines & Magee, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Ninion S. Riley Gen. Counsel Dept. of Revenue, Sp. Asst. Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Sharon M. Busch, Asst. Gen. Counsel, Missouri Dept. of Revenue, Jefferson City, for respondent.

Missouri Ass'n of Criminal Defense Lawyers, Robert G. Duncan, President, Kansas City, Robert C. Welch, Paden, Welch, Martin, Albano Graeff, P.C., Robert H. Martin, Paden, Welch, Martin, Albano, Graeff, P.C., Independence, James H. Bell, Kansas City, on brief of amicus curiae.

Before LOWENSTEIN, P.J., and NUGENT and BERREY, JJ.

LOWENSTEIN, Presiding Judge.

This appeal arises out of Sections 302.-500–540 RSMo Cum.Supp.1984 which allow the Director of Revenue to suspend or revoke motor vehicle driving privileges for alcohol related driving offenses. The issue arises out of the apellant Owings' interpretation of the following language of § 302.-505:

> The department shall suspend the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was thirteen-hundredths of one percent or more by weight of alcohol in his blood, based on the definition of alcohol concentration in section 302.500.

Owings contends this statute should be read to require the arresting officer to have probable cause to believe the operator of a vehicle has a blood alcohol content of at least .13 percent "prior to the *stop* of the vehicle."

The facts show highway patrolman Dale Schmidt observed Owings' car on Interstate Highway 70 going only 40 miles per hour and weaving off the side of the pavement. The trooper pulled Owings over and smelled a strong odor of alcohol on the driver, and found Owings antagonistic. Owings was staggering when he got out of the car. Based on the field sobriety test the trooper placed Owings under arrest and he was taken in for a breathalyzer test. The test registered the blood alcohol of Owings at .21 percent. Under § 302.520 Owings' license was suspended and at an administrative hearing the suspension was upheld. A trial *de novo* in circuit court resulted in a judgment favorable to the Director and was based upon a finding Owings was arrested on probable cause to believe he was driving with an alcohol concentration of over .13 percent.

Owings presented no evidence at trial but proceeded in cross-examination of the patrolman to establish the reason his car was pulled over was because it was being driven slowly and was weaving, and not until the officer had observed the driver and given the field sobriety test had the determination been made of intoxication.

The *amicus* brief attacks the suspension statutes on the basis of probable cause at the time of *arrest.* The same approach was taken in *Collins v. Director of Revenue,* 691 S.W.2d 246 (Mo. banc 1985). In

upholding the law based on the statutory language in § 302.505.1, which refers to probable cause at the time of arrest, the court in *Collins* has said:

> The appellants adopt a literal interpretation and contend that this statute requires the state to prove by a preponderance of the evidence that the arresting officer, at the exact moment of the arrest, had probable cause to believe the suspect was driving a motor vehicle while the alcohol concentration in his or her breath was at least .13 percent. Each appellant states that there was no evidence in their trials de novo which indicated that the arresting officers possessed the requisite probable cause. Therefore, they contend that the suspension of the driving privileges must be reversed on the basis of insufficient evidence.

*Id.* at 251.

The court goes on to examine § 302.510.1 which prescribes the verified report of the officer based on "grounds for belief that the person violated Section 577.010 (driving while intoxicated) or Section 577.012 (excessive blood alcohol content). *Id.* at 251.

> This provision is significant in determining the meaning of § 302.505, because it indicates the legislature's intent that the only probable cause required of the arresting officer is that which is necessary to effect the initial arrest under § 577.010 or § 577.012, RSMo Cum.Supp. 1984. The Department's determination on the suspension of driving privileges is to be based upon the officer's report. Section 302.505.2. And had the legislature intended for the state to prove that the officer formed some specific type of probable cause, other than that necessary to effect the arrest, we would expect § 302.510.1 to require the officer to document his belief and submit a statement to that effect to the Department of Revenue in the verified report.

In sum the court in *Collins* says § 302.505.1 requires an arrest on probable cause to believe a violation of § 577.010 or § 577.012, and once *arrested* if the suspect submits to chemical analysis and results show at least a .13 percent level, then the *arrestee* is subject to a suspension. *Id.* at 252.

The statute speaks of *arrest*, the appellant speaks of *stop*. The appellant cannot unilaterally change the statute to suit himself. His interpretation would require the officer at the time he saw the slow moving and weaving vehicle to have probable cause for an intoxication charge without ever seeing the driver. His argument is not such to cause a reversal on the basis of erroneous application of the law which the Supreme Court has upheld.

The trial court's judgment was amply supported by evidence that at the time of the *arrest* the patrolman had probable cause to believe Owings was driving with at least .13 percent alcohol in his blood. The suspension was correct.

The judgment is affirmed.

All concur.