Gary M. WILLIAMS, Respondent,

v.

Richard A. KING, Director of Revenue, Appellant.

No. WD 36704.

Missouri Court of Appeals,
Western District.

Oct. 1, 1985.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Ninion S. Riley, Sp. Asst. Atty. Gen., Sharon M. Busch, Asst. Gen. Counsel, Jefferson City, for appellant.

Before MANFORD, P.J., PRITCHARD and LOWENSTEIN, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from a judgment reinstating motor vehicle operating privileges after the same had been suspended pursuant to § 302.530, RSMo Supp.1984. The judgment is reversed and the cause remanded with directions.

The Missouri Director of Revenue, as appellant, presents two points which in summary charge that the trial court erred in the entry of its judgment reinstating the motor vehicle operating privileges of respondent. It is first charged that the trial court erred by abusing its discretion in finding that § 302.505.1, RSMo Supp.1984, requires an arresting officer to have probable cause to believe that the person driving has a blood alcohol concentration of .13 of one percent by weight before arresting him. Secondly, the trial court erred in entry of its judgment, because the facts upon the record demonstrate the arresting officer had the requisite probable cause for the arrest, and the evidence revealed that the subsequent breathalyzer test demonstrated the blood alcohol concentration was .14 of one percent by weight or greater.

This matter was tried to the court solely upon the following stipulation of facts. Review is made pursuant to Rule 73.01 as that rule has been interpreted by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

At the circuit court hearing, the parties stipulated to the following facts:

On August 30, 1984, at approximately 4:30 a.m., Officer John L. King of the Lee's Summit Police Department observed respondent driving a vehicle in Lee's Summit, Jackson County, Missouri. The officer observed respondent using the lane improperly by turning south on Jefferson from Third Street in the wrong lane. He observed respondent's vehicle straddling the white line on Jefferson, and respondent driving on the shoulder of the road on Blue Parkway. The officer stopped respondent and observed that respondent's breath had a strong odor of alcohol, that respondent's eyes were bloodshot, that respondent's balance was swaying, and that respondent's speech was slurred. The officer conducted several sobriety tests and further observed that respondent's pupils were dilated, that his balance was poor, and that he could not do the point test without using both legs. He arrested respondent under Lee's Summit Ordinances Nos. 22.50 and .59, and transported him to Lee's Summit Police Department. The officer, who was qualified to operate the Breathalyzer and possessed a Type 3 permit, gave the Breathalyzer test at approximately 4:52 a.m.. He followed Division of Health Rules in conducting the test with the result of .14 of one per cent blood alcohol concentration by weight. At the exact moment of the arrest or the stop, the officer did not have probable cause to believe that respondent's blood alcohol concentration would be .13 of one percent or above. The officer was certified by the Missouri Department of Public Safety. He was not present at the administrative hearing.

The trial court then entered the following judgment in the form of an order:

## ORDER

This cause having been brought before this Court for a hearing of Petitioner's Petition for Review of Order Suspending Operator's License of the petitioner in accordance with provisions of Section 302.535.1 R.S.Mo. and this cause having been submitted upon stipulation of facts, and the Court having considered the said stipulation, and being fully advised upon the law and the facts, finds the issues in this cause in favor of the petitioner and against the respondent.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that this Court having determined the issues specified in Section 302.505 R.S.Mo., not to be in the affirmative; and in accordance with provisions of Section 302.535 hereby orders Richard A. King, director of Revenue for the State of Missouri and his agents and employees, to reinstate the driving privileges of the petitioner, GARY MARTIN WILLIAMS, effective October 27, 1984.

Dated: January 16, 1985.

/s/ Jack E. Gant, Judge

This appeal followed.

Appellant (hereinafter the Director) asserts this case is disposed of squarely by the rule announced in *Collins v. Director of Revenue,* 691 S.W.2d 246, 252 (Mo. banc 1985). This court agrees with the Director's assertion. The pertinent portion of the *Collins* decision relative to the disposition of the present case reads as follows:

We interpret § 302.505.1 as requiring that a suspect first be arrested upon probable cause to believe that he or she is driving in violation of § 577.010 or 577.012 [driving while intoxicated or driving with excessive blood alcohol content]. Once arrested, if the suspect submits to a chemical analysis and the results of such test indicate that the arrestee possesses a blood alcohol concentration of at least .13 percent, he or she is subject to suspension of driving privileges. The Department of Revenue is then required to determine, upon a preponderance of the evidence, based on the officer's verified report and the breathalyzer test re-

sults, whether the defendant had been driving while his or her blood alcohol concentration was at least .13 percent.

The trial court, in light of the ruling in *Collins,* misinterpreted and thus misapplied § 302.505.1 to the instant proceedings in requiring that the arresting officer be required to believe that respondent's blood alcohol content was at least .13 of one percent by weight prior to the arrest of respondent. *Murphy v. Carron, supra.*

The evidence, as set forth in the above stipulation, was sufficient to meet the test prescribed in *Collins.* Thus, the judgment of the trial court was against the weight of the evidence as well as *Murphy v. Carron, supra.*

The judgment is reversed and the cause is remanded with directions to the trial court to reinstate the decision of the Missouri Director of Revenue suspending the motor vehicle operation privileges of respondent.

All concur.