**Bradley R. DUNCAN,
Plaintiff-Respondent,**

v.

**Richard A. KING, Director of Revenue,
Respondent-Appellant.**

**No. 14107.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 10, 1985.

John A. Clayton, Thomas, Birdsong, Clayton & Haslag, P.C., Rolla, for plaintiff-respondent.

John D. Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Ninion S. Riley, Sp. Asst. Atty. Gen., Dept. of Revenue, Jefferson City, William R. Sachs, Asst. Gen. Counsel, Dept. of Revenue, Springfield, for respondent-appellant.

GREENE, Judge.

The Missouri Department of Revenue (department), through its director, appeals the circuit court's reversal of a department order suspending Bradley Duncan's driver's license pursuant to § 302.505.[1] The statute provides that the department shall suspend the driver's license of a person upon its determination that such person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in his blood or breath was thirteen-hundredths of one per-

---

1. All references in this opinion are to Missouri Revised Statutes, Cumulative Supplement 1983. The events leading to the suspension of Duncan's driver's license occurred on January 28, 1984, prior to the effective date of the 1984 amendments to §§ 302.500–.540. Given the prohibition against retrospective laws in the Missouri Constitution, Art. 1, § 13, the 1984 revised statutes are inapplicable to this case.

**140**

cent or more by weight of alcohol in his blood.

The facts of the case are not in dispute. Sgt. Holeva of the Rolla, Missouri Police Department, arrested Duncan after observing him at the wheel of a pickup truck stalled in traffic. Prior to the arrest, Holeva had concluded Duncan was intoxicated because of the strong odor of intoxicants on his breath, mumbling speech, unresponsiveness to questions, and an abnormally slow walking gait.

After the arrest, a breath analysis test was administered to Duncan. Test results indicated that Duncan's blood alcohol content was fifteen-hundredths of one percent. Duncan, after being advised that his license was suspended, petitioned for trial de novo in the circuit court, as authorized by § 302.535.

The trial court, after hearing evidence, reversed the order of the department that suspended Duncan's license. The parties did not request written findings of fact or conclusions of law, and none were rendered by the trial court. However, it is evident from the transcript that the only real issue in the trial court's mind was whether § 302.505 should be construed so that, absent proof, as here, *at the time of arrest* the arresting officer had probable cause to believe the suspect's alcohol content was at least thirteen-hundredths of one percent, there could be no suspension. The trial court, reasoning that the statutory section was a penal statute, evidently interpreted it strictly and, by reason of absence of the proof in question, reversed the department.

In its sole point relied on, the department urges that the trial court erred by interpreting § 302.505 to mean that an arresting officer is required to determine that a suspect's blood alcohol concentration is at least thirteen-hundredths of one percent *at the time of the arrest*, because such a construction leads to absurd results making the statute unenforceable.

While on its face the statute seems susceptible to the interpretation given by the trial court, the Supreme Court, subsequent to the judgment reached in this case, decided in *Collins v. Director of Revenue,* 691 S.W.2d 246, 252 (Mo. banc 1985), the statute was not to be strictly construed, and that what the legislature really meant (but failed to say) was that § 302.505.1 requires that a suspect be arrested upon probable cause to believe that he was driving a motor vehicle while he was in an intoxicated condition, or at a time when his blood alcohol concentration was at least thirteen-hundredths of one percent. We are bound by *Collins. See also Owings v. Director of Revenue,* 701 S.W.2d 438 (Mo.App.1985).

The judgment of the trial court reversing the department's order suspending the driver's license of Bradley Duncan is reversed and the cause remanded with directions to reinstate the department's suspension order.

TITUS, P.J., and FLANIGAN, J., concur.