**Paul S. McNEILL, Jr., Substituting for Richard A. King, Director of Revenue, State of Missouri, Appellant,**

v.

**John W. WALLACE, Respondent.**

**No. WD 36705.**

Missouri Court of Appeals, Western District.

Oct. 15, 1985.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Ninion S. Riley, Sp. Asst. Atty. Gen., Sharon M. Busch, Asst. Gen. Counsel, Missouri Dept. of Revenue, Jefferson City, for appellant.

James R. Hall, Cochran, Tyree, Oswald, Barton & McDonald, P.C., Blue Springs, for respondent.

Before MANFORD, P.J., and PRITCHARD and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

The Director of Revenue appeals from circuit court judgment reversing a suspension of Wallace's driving privileges under §§ 302.500—540 RSMo Cum.Supp.1984. The parties stipulated the following facts: an officer from Blue Springs on the evening in question saw the Wallace car weaving from lane to lane, straddling the lanes and failing to dim the bright lights. After a stop the officer observed Wallace's "breath to be strong ... his eyes bloodshot ... glassy, and his pupils were dialated." No field sobriety tests were conducted, other than the officer's observation of Wallace walking and his determination Wallace was "swaying", "wobbling", "stumbling", and "uncertain." Wallace's speech was characterized as "slurred." The officer arrested Wallace for an ordinance violation of driving while intoxicated. The officer who held a "type 3" permit administered a "breathalyzer test with a result of .24." The stipulation also was that at the "exact moment

of the stop or initial arrest" the officer did not have probable cause to believe an alcohol level of .13 or above, and that the officer did not testify at the administrative hearing.

No findings or conclusions were requested and none given with the court's order of reinstatement. The order here is the same in all respects other than names and dates to that entered in *Williams v. King,* 700 S.W.2d 482 (Mo.App.1985), which has been decided by this court in favor of the Director. The order recites the issues having been determined against the Director on the basis of § 302.505.1 which reads as follows:

    1. The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was thirteen-hundredths of one percent or more by weight of alcohol in his blood, based on the definition of alcohol concentration in section 302.500.

Review is under Rule 73.01.

As in *Williams, supra,* the Director contends the cause is controlled by the interpretation of the establishment of probable cause under § 302.505.1 as announced in *Collins v. Director of Revenue,* 691 S.W.2d 246 (Mo. banc 1985). *Collins* stands for the proposition that § 302.505.1 requires an arrest of the suspect on the probable cause of the officer to believe a violation of § 577.010 (driving while intoxicated) or 577.012 (driving with excessive blood alcohol content) by the driver. Once arrested if the person submits to an analysis which shows over .13 per cent the person is subject to suspension. The Department of Revenue is required by a preponderance of evidence based on the officer's verified report and the test results to prove the person was driving with a blood alcohol concentration of at least .13 percent. 691 S.W.2d at 252.

Although no field sobriety test was given, as was done in *Williams,* which would presumably have included having the driver perform dexterity and speech tests, there was sufficient evidence to meet the test of probable cause of *Collins.* The stipulation at the trial is skimpy, but was sufficient to authorize the arrest. *See Owings v. Director of Revenue,* 701 S.W.2d 438, 440 (Mo.App.1985), the driver here had been weaving between lanes and had failed to dim the lights on the night in question. The officer's observations after the stop, strong breath, glassy eyes, and the observation of the driver's walking ability, met the probable cause at the time of arrest test. *Collins, supra.*

That there was no testimony or evidence as to how the test was performed or how the result was reached, does not cause the matter to be affirmed for failure of proof. The evidence was a breathalyzer test was given to Wallace and showed .24 percent. The preponderance of the evidence was for the Director's case for suspension.

The trial court, as in *Williams, supra,* misinterpreted and misapplied the law. Probable cause existed for the arrest, therefore the judgment is reversed and the cause remanded for the trial court to reinstate the suspension entered by the director.

All concur.