SMITH, APPELLANT, *v.* THE STATE OF OHIO, REGISTRAR OF MOTOR VEHICLES, APPELLEE.

[Cite as Smith v. State (1974), 40 Ohio App. 2d 208.]

(No. 4391—Decided March 6, 1974.)

*Rudd & Silverberg Co., L. P. A.,* for appellant.

*Mr. Lee C. Falke,* prosecuting attorney, *Mr. Randal A. Anderson, Jr.,* and *Ms. Cynthia C. Anderson,* for appellee.

REILLY, J. This is an appeal from an order of the third district Montgomery County Court suspending appellant's driver's license for six months.

Counsel for both parties cite the trial court's findings of fact and conclusions of law, to wit:

"The accused, Burtis Smith left the Shipwreck Bar about 9 p. m. and the accident occurred about 9:30 p. m. After 5 p. m. the accused admitted consuming five bottles of beer. He drove his motor vehicle from the area of the Shipwreck Bar with the windshield partly frozen which partially obstructed his vision. When an automobile suddenly stopped in front of him, going in the same direction, the accused applied his brakes but struck the rear of the motor vehicle ahead of him. The accident happening in Mad River Township, Montgomery County, Ohio.

"Officer R. C. Derthick, Ohio State Patrol, was called to the scene of the accident, and upon arriving at the scene saw the accused standing beside his automobile. The officer asked the accused whether he had been drinking, after the

officer detected a smell of alcohol. The officer told the accused he was under arrest for driving a motor vehicle while under the influence of alcohol and transported him to the Xenia post headquarters of the Ohio State Patrol. At the post headquarters the implied consent form was shown to the accused and read to the accused in the presence of the arresting officer and one other police officer and the accused acknowledged that the form said he had to take a test or lose his drivers license. (A copy of said form is attached hereto.) The accused refused to take the test offered by the officer (Breathalizer Test) and insisted upon going to the hospital for a blood test. The officer refused to take any action to assist the accused in obtaining the blood test. Neither the Breathalizer Test nor a blood test was obtained from the accused.

"The officer transported the accused from Xenia to the Montgomery County Jail and did not stop at a hospital or otherwise assist the accused to get a blood test.

"Upon hearing the testimony of Officer R. C. Derthick and Burtis Smith, the Court found that the officer had reasonable ground to believe the person had been driving a motor vehicle upon the public highway under the influence of alcohol, the person was placed under arrest, the person refused to submit to the test upon request of the officer and Burtis Smith was advised of the consequences of his refusal."

Appellant's assignment of error is that "The judgment of the County Court is contrary to law." Counsel for appellant, in his brief, asserts that it was error to deny him the right to obtain a chemical test of his own choice. He argues that such denial constitutes a violation of the fairness requirement of due process of law, along with a violation of equal protection of the law.

We note, at the outset, that proceedings under R. C. 4511.19 specify that "No person who is under the influence of alcohol or any drug of abuse shall operate any vehicle, streetcar, or trackless trolley within this state." This section also provides for a chemical test at the request of a police officer. Further, the last paragraph of the section includes the following:

"The person tested may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests *in addition to any administered at the direction of a police officer*, and shall be so advised. The failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a police officer." (Emphasis added.)

We further note R. C. 4511.191 (A):

"Any person who operates a motor vehicle upon the public highways in this state shall be deemed to have given consent to a chemical test or tests of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood if arrested for the offense of driving while under the influence of alcohol. *The test or tests shall be administered at the direction of a police officer having reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways in this state while under the influence of alcohol.* The law enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered." (Emphasis added.)

Thus, we find that, when a test is administered, the right to an additional test is statutory, granted by the Legislature, and not an inherent or constitutional right. The above-quoted code sections provide for an additional test, not a categorical right to a test. In brief, the record in this case does not show a denial of due process, or violation of equal protection of law. Therefore, appellant's assignment of error is not well taken.

Accordingly, the judgment will be affirmed.

*Judgment affirmed.*

TROOP, P. J., and STRAUSBAUGH, J., concur.

TROOP, P. J., STRAUSBAUGH and REILLY, JJ., of the Tenth Appellate District, sitting by designation in the Second Appellate District.