**James Eugene McGUIRE, Appellant,**

v.

**JACKSON COUNTY PROSECUTING ATTORNEY, Respondent.**

No. 28741.

Missouri Court of Appeals, Kansas City District.

Feb. 28, 1977.

William C. Paxton, A Professional Corp., Paul R. Mudd, Independence, for appellant.

Don E. Benton, Asst. Pros. Atty., Independence, for respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

TURNAGE, Judge.

James E. McGuire appeals the refusal of the circuit court to reinstate his driver's license. Such license was revoked because of the refusal of McGuire to take a chemical breath test pursuant to the request of an arresting officer under §§ 564.441–564.444, RSMo 1969, to determine the alcohol content of his blood.

On this appeal McGuire argues that under the law he had the right to take a blood test to determine the alcohol content of his blood and by consenting to take a blood test, he did not unequivocally refuse to take a test which would authorize the revocation of his driver's license. He also alleges a denial of due process in refusing his request to take the blood test in lieu of the breath test. Affirmed.

McGuire was arrested while driving his automobile, and he does not deny the officer had reasonable grounds to believe he was driving while intoxicated. Thus it is not necessary to detail the circumstances surrounding his arrest.

After McGuire was stopped and placed under arrest by a highway patrolman, he

was taken to the police station in Blue Springs. On the trip to the police station, the officer advised McGuire that he would request him to take a breathalizer test, and if McGuire refused, then the Director of Revenue could revoke his driver's license for a period up to one year.

After arriving at the station, the officer, who possessed a valid permit for the administration of the test, prepared the breathalizer machine. As soon as the breathalizer machine was ready for use, the officer requested McGuire to take the breathalizer test and advised him of the consequences of his refusal. McGuire stated he refused to take the test. A second request was made and again McGuire refused. After McGuire had twice refused to take the breathalizer test, he stated he would take a blood test. The officer advised McGuire there were no facilities for making a blood test. At the hearing on McGuire's motion, the officer stated the nearest facility he knew where a blood test could be performed was the Medical Center of Independence which was about nine miles, or ten to fifteen minutes, away. The officer made no attempt to arrange for a blood test, but McGuire was allowed to make several phone calls. The record does not disclose who McGuire called.

The evidence on McGuire's motion consisted entirely of the testimony of the highway patrolman. At the conclusion of the hearing, the court refused to grant such motion, and this appeal follows.

McGuire contends the revocation of his driver's license was improper and unauthorized because he did consent to take a chemical test, i. e., blood test, and for that reason, he did not unequivocally refuse to take a chemical test as required by law.

Section 564.441 provides:

1. Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to, subject to the provisions of sections 564.441, 564.442 and 564.444, a chemical test of his breath for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts which the arresting officer had reasonable grounds to believe were committed while the person was driving a motor vehicle while intoxicated. The test shall be administered by or at the direction of a law enforcement officer whenever the person has been arrested for the offense.

.　　.　　.　　.　　.

3. The person tested may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a test in addition to any administered at the direction of a law enforcement officer. The failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test taken at the direction of a law enforcement officer.

Section 564.442 provides:

1. Upon the trial of any criminal action or violations of county or municipal ordinances arising out of acts alleged to have been committed by any person while driving a motor vehicle while intoxicated, the amount of alcohol in the person's blood at the time of the act alleged as shown by chemical analysis of the person's blood, breath, saliva or urine is admissible in evidence.

Section 564.444 provides:

1. If a person under arrest refuses upon the request of the arresting officer to submit to a chemical test, which request shall include the reasons of the officer for requesting the person to submit to a test and which also shall inform the person that his license may be revoked upon his refusal to take the test, then none shall be given.

McGuire reasons that Subd. 1 of § 564.441 speaks of a "chemical test of his breath" while § 564.444 simply refers to a "chemical test." McGuire states that under § 564.442 other chemical tests are recognized by which the alcohol content of a person's blood may be measured. McGuire argues the chemical test referred to in § 564.444 may be any of the chemical tests enumerat-

ed in § 564.442. He then concludes his argument by stating he did not unequivocally refuse to take a chemical test because he offered to take a blood test which is a chemical test enumerated in § 564.442.

The precise question presented in this case was presented to this court in *Thomas v. Schaffner,* 448 S.W.2d 319 (Mo.App.1969) but was not answered because the court held the evidence failed to show an unequivocal refusal to submit to a breath test. There Thomas had been requested to take a breath test but indicated he wanted to take a blood test. The officer acquiesced in the blood test but after Thomas was unable to obtain a doctor to perform the test, he then stated he would take the breath test. The officer refused to administer the breath test. This court held under those circumstances there was not an unequivocal refusal to take the breath test.

Despite the number of cases arising under the provisions of §§ 564.441–564.444, known as the "implied consent law", the precise question raised here has never been decided in this state. However, the constitutionality of this law has been decided in *Blydenburg v. David,* 413 S.W.2d 284 (Mo. banc 1967).

Indiana has been confronted with the same question as here presented in *Hill v. Otte,* 258 Ind. 421, 281 N.E.2d 811 (1972). From that case it appears Indiana has an implied consent law very similar to that of Missouri. Under the Indiana law, a person arrested by an officer for driving a motor vehicle while under the influence of intoxicating liquor may have his driver's license suspended for up to one year if the person refuses to provide evidence revealing the alcoholic content of the blood as measured by a breath analysis. The law further provides the person may have a physician, registered nurse or medical technician of his own choosing administer a chemical test, or tests, in addition to any administered at the direction of the officer. In *Hill* the breath test was offered to Hill and he refused to take it, but stated he was willing to have a blood or urine test made at a hospital or by a private doctor. The officer refused to

grant the request for the additional test and Hill's license was thereafter suspended. The court held the statute authorized the suspension of the driver's license once Hill had refused to take the breathalizer test. The court stated Hill was permitted a cross-check of the breathalizer test by having a physician, registered nurse, or medical technician of his own choosing perform a test. However, the court held there was nothing in the statute which indicated the additional tests were to be given in lieu of the breathalizer test.

The only test which § 564.441 provides a person is deemed to have given consent to take is the breathalizer test. This test is to be performed according to methods approved by the State Division of Health by a person possessing a valid permit issued by the State Division of Health. Section 564.444 bottoms the right to revoke a driver's license upon the refusal of a person to submit to a chemical test. While this section does not add the words "of his breath" after the chemical test, it is clear the chemical test referred to in this section can only be the breathalizer test. This for the reason the breathalizer test is the only test which the law implies a driver has consented to take. Therefore, the legislature did not authorize revocation on the refusal to take any test except the breathalizer test. As held in *Hill,* it is the refusal to take the test which the law deems the driver to have consented to take which authorizes the revocation. Any other test may be administered to a person only by his consent. This means the legislature recognized there are other tests which can be performed to determine the alcoholic content of the blood and a person is free to have these tests made and to introduce the results in evidence. However, an officer has no right to demand a person submit to any test except the breathalizer test. For this reason, § 564.444 clearly means when a person has refused to take a breathalizer test, then upon occurrence of the other required conditions, the Director of Revenue is authorized to revoke his license.

The reasoning applied in *Hill* is persuasive on this court. The chemical tests other than the breathalizer may be taken by any person to use as a cross-check against the breath test. But a person has no right to insist on an officer procuring any test other than the breath test. Once a person has refused to take the breath test, the offer to take any other test can have no bearing on the revocation of his license.

In this case there is no doubt McGuire refused to take the breathalizer test. On that refusal, and the admission the other required grounds existed, the Director was authorized to revoke McGuire's license.

McGuire relies on *State v. Snipes,* 478 S.W.2d 299 (Mo.1972). However, *Snipes* did not involve the question presented here and the court made no determination in that case that a request to take a blood test would substitute for a breath test.

Despite the holding of the implied consent law to be constitutional, McGuire makes some contention it would deprive him of due process to base a revocation on refusal to take the breath test when he offered to take a blood test. This contention was answered in *Smith v. State, Registrar of Motor Vehicles,* 40 Ohio App.2d 208, 318 N.E.2d 431 (1974). There the court held the right to an additional test is statutory and not an inherent or constitutional right. The court stated the refusal by the officer to cause an additional test to be administered did not constitute a denial of due process. This court adopts the holding in *Smith.* No denial of due process resulted from the officer's failure to cause any test other than the breath test to be given. Such finding is a matter of constitutional application and not construction.

McGuire impliedly consented to take the breath test when he operated his automobile on the highways of the State. Under the law his license could be revoked for refusal to take this test. He refused to take the test and upon the occurrence of the other requirements, revocation of his license was proper. His refusal was not mitigated in any manner by an offer to take an additional chemical test. He was free to arrange to take such other and further chemical tests as he desired, but for his refusal to take the breath test, the law mandates a revocation of his license.

Judgment affirmed.

All concur.