**Brandon M. HAGLER, Appellant,**

v.

**DIRECTOR OF REVENUE for the State of Missouri, Respondent.**

**No. WD 66789.**

Missouri Court of Appeals, Western District.

May 29, 2007.

Carl M. Ward, Washington, MO, Michael F. Jones, Clayton, MO, for Appellant.

James A. Chenault, III, Jefferson City, MO, for Respondent.

Before JOSEPH M. ELLIS, P.J., THOMAS H. NEWTON, and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, Judge.

The Director of Revenue (Director) revoked Mr. Brandon M. Hagler's driver's license for refusing to consent to a blood alcohol content (BAC) test. The trial court sustained the revocation of Mr. Hagler's license. We reverse and remand.

### Factual and Procedural Background

On October 15, 2005, around 8:00 a.m., Officer Kevin Bundy of the Warrensburg Police Department observed Mr. Brandon Hagler driving east on a one-way street designated for westbound traffic only. Officer Bundy stopped Mr. Hagler's truck and through conversation detected a slur in Mr. Hagler's speech; noticed his eyes were slightly bloodshot, watery, and slightly staring; and smelled a moderate odor of alcohol on his breath. Because of his initial observations, Officer Bundy radioed for assistance so that he could conduct sobriety field tests on Mr. Hagler. Mr. Hagler introduced evidence at the hearing negating all of the observations including testimony from Detective Donna Barlett of the Warrensburg Police Department who

arrived at the scene to assist, stating she did not detect a slur in his speech.

Officer Bundy administered three field sobriety tests: the horizontal gaze nystagmus (HGN) test, the walk-and-turn test, and the one-leg stand test. Officer Bundy testified that he received training to administer the sobriety field tests in accordance with the National Highway Traffic Safety Administration (NHTSA) guidelines. He also testified that Mr. Hagler failed the HGN test and passed the other two with few indicia of impairment. On cross-examination, he admitted that he did not comply with the timing set forth in NHTSA guidelines in administering the HGN test. The fourth test was the portable breathalyzer test (PBT) and was conducted by Deputy Dwayne Trokey of the Johnson County Sheriff's Department. He determined that alcohol was on the breath of Mr. Hagler. Consequently, Officer Bundy arrested Mr. Hagler for driving while intoxicated (DWI).

Thereafter, Mr. Hagler refused a BAC test and his license was revoked immediately under section 577.041.3.[1] At a hearing, the trial court reviewed the matter and found against Mr. Hagler.

On appeal, in his first point, Mr. Hagler argues that there is no substantial evidence to support the judgment, it is against the weight of the evidence, and the trial court misapplied the law in ruling that Officer Bundy had reasonable grounds to believe that he was DWI "because [he] rebutted the Director's prima facie case ... by introducing substantial evidence [1] that his driving was not erratic, [2] that his balance was normal, [3] that his eyes were not bloodshot, watery, or glassy, [4] that his speech was not slurred, [5] that the field sobriety tests were improperly ad-

ministered and should not have been relied upon when making a probable cause determination in favor of arresting him, and [6] that he actually passed the physical tests that were given to him." In his second point, Mr. Hagler argues that the trial court "erred as a matter of law in failing to issue findings of facts and conclusions of law on the specific questions raised by Hagler under Missouri Supreme Court Rule 73.01 because the requested findings were material to the issue of whether or not there were reasonable grounds to arrest Hagler for DWI." Because disposition of the second point may render the first point moot, we address the second point.

## Standard of Review

■ On review, this court will only reverse a judge-tried case if it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Terry v. Dir. of Revenue,* 14 S.W.3d 722, 724 (Mo.App. W.D.2000). Credibility determinations are within the trial court's discretion, and we defer to the conclusions of the trial court. *Duffy v. Dir. of Revenue,* 966 S.W.2d 372, 379 (Mo.App. W.D.1998). We view all evidence and reasonable inferences drawn therefrom in the light most favorable to the decision. *Terry,* 14 S.W.3d at 724. "The trial court's decision is limited to a determination of whether (1) the individual was arrested; (2) the arresting officer had reasonable grounds to believe the individual was driving while intoxicated; and (3) the individual refused to submit to the test." *Id.*

## Legal Analysis

■ Mr. Hagler claims that the failure to make requested findings was reversible

---

1. Statutory references are to RSMo. (2000), and rule references are to Missouri Supreme Court Rules (2006).

error because "there were critical questions proposed to the trial court that if answered in [Mr.] Hagler's favor [would] undermine the confidence in the trial court's decision." Rule 73.01 states, "[i]f a party so requests, the court shall dictate to the court reporter or prepare and file a brief opinion containing a statement of the grounds for its decision and the method of deciding any damages awarded." Hence, a trial court is required to make requested findings upon a party's timely request and failure to do so is error that may result in a remand. *Orton v. Dir. of Revenue*, 131 S.W.3d 827, 831 (Mo.App. W.D.2004). No remand is required, however, where substantial evidence supports the trial court's decision. *Jolly v. Clarkson*, 157 S.W.3d 290, 294 (Mo.App. S.D.2005). In fact, remand is required only when the lack of requested findings interferes with appellate review or affects the merit of the action. *Orton*, 131 S.W.3d at 830.

Mr. Hagler asked the following five questions in his request for findings: (1) Was there probable cause to arrest the petitioner for driving while intoxicated? If so, why? If not, why not? (2) Were the field sobriety tests properly administered, interpreted, and/or scored in this case? If not, why not? Was the validity of these tests comprised? Would a reasonably prudent, cautious trained police officer rely upon the results of the field sobriety tests, as administered in this case, when making a probable cause determination? (3) Was Officer Hagler's speech slurred? Did he have balance problems? Were his eyes bloodshot, glassy, watery, or staring? (4) Please assess the relative credibility of the witnesses in this case. (5) Is *Hinnah v. Dir. of Revenue*, 77 S.W.3d 616 (Mo.2002) controlling precedent in this case? Is *Paty v. Dir. of Revenue*, 168 S.W.3d 625 (Mo.App.2005) applicable?

■ Unlike in *Orton*, the trial court here made some of the requested findings. *See* 131 S.W.3d at 829. The trial court made the following four findings before concluding in its conclusions of law that all three elements were met to uphold the revocation of Mr. Hagler's driving privileges. First, it found that Officer Bundy arrested Mr. Hagler. Second, the trial court found that Officer Bundy observed Mr. Hagler "violating laws of the [c]ity . . . by driving the wrong direction on a one way street." Third, it found that "even though not offering the field sobriety tests in absolute conformance with [NHTSA standards], [Officer Bundy] did have reasonable grounds to believe [Mr. Hagler was DWI]." Finally, it found that Mr. Hagler refused to submit to a chemical test offered by Officer Bundy. The issue is whether these findings allow meaningful appellate review.

The Director argues that these findings address all of Mr. Hagler's relevant questions except for those questions dealing "with weight and credibility of the evidence." Additionally, the Director argues that this court must defer to the trial court's determination of weight and credibility of evidence so that the lack of findings on the issues is immaterial.

■ The Director is correct that we defer to the trial court's credibility determination, so the trial court was not required to make findings under question four. *See Brown v. Dir. of Revenue*, 85 S.W.3d 1, 7 (Mo. banc 2002). Appellate courts, however, do not have to defer to the trial court's weighing of the evidence. As stated in the standard of review, we may reverse if the decision is against the weight of the evidence. Reversal on this basis must be exercised " 'with caution and with a firm belief that the decree or judgment is against the weight of the evidence.' " *Duf-*

*fy*, 966 S.W.2d at 379 (quoting *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). " 'Weight of the evidence' means its weight in probative value, not the quantity or amount of evidence." *Id.* at 380 (quoting *Waddell v. Dir. of Revenue*, 856 S.W.2d 94, 95 (Mo.App. S.D.1993)) (internal quotation marks omitted). Hence, findings for questions one through three were required for us to review the trial court's decision based on the issues raised.

Because the trial court neither made the requested findings concerning the controverted material issues of Mr. Hagler's behavior and the validity of the sobriety field tests nor provided the basis for concluding that the arresting officer had reasonable grounds to believe Mr. Hagler was DWI, this court cannot provide a meaningful appellate review.

In conclusion, we reverse and remand this matter for further proceedings.

JOSEPH M. ELLIS, P.J. and RONALD R. HOLLIGER, J. concur.