Charles Dennis HALE, Petitioner–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 28432.

Missouri Court of Appeals,
Southern District,
Division Two.

April 10, 2008.

Application for Transfer Denied
June 24, 2008.

Charles Dennis Hale, Pro se, Edgar Springs, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen.; Nicole L. Loethen, Associate Solicitor, Jefferson City, MO, for respondent.

DON E. BURRELL, Judge.

Charles Hale ("Hale") appeals from the judgment of the Circuit Court of Pulaski County affirming the Missouri Director of Revenue's ("Director") revocation of Hale's driver's license under Section 577.041.[1]

In the early morning hours of January 4, 2005, Sergeant Gary Brankel ("Brankel") of the Waynesville Police Department stopped at a convenience store. While Brankel was inside the store, Hale drove his vehicle to the store's drive-up window to purchase a twelve pack of Miller Lite beer. While Hale was still at the window, one of the store's employees informed

---

1. Unless otherwise noted, all references to statutes are to RSMO (2000).

Brankel that the driver of a vehicle at the drive-up window was drinking from an open container. Brankel went outside and saw that Hale was the driver of the vehicle and that he was drinking from a blue and white can that Brankel recognized as a Miller Lite beer can. Brankel returned to his vehicle and followed Hale's vehicle after it left the drive-up window.

After Brankel observed Hale's vehicle cross over into the center turn lane several times, Brankel attempted to pull Hale over by activating his overhead emergency lights. When Hale did not immediately pull over, Brankel added his siren to the lights and Hale pulled over.

Hale exited his vehicle without being asked to do so and Brankel ordered him to get back inside. When asked for his driver's license, Hale was initially unable to locate his wallet until his passenger informed him it was in his (Hale's) front coat pocket. While Hale was getting his license out, Brankel asked him for the vehicle's registration papers and proof of insurance. Instead of producing his driver's license, Hale proceeded to drop his wallet and begin looking in the vehicle's glove compartment for the registration and insurance documents. Brankel detected a strong odor of alcohol coming from inside the vehicle and also observed therein several open alcoholic beverage containers, including a Miller Lite beer can. As Hale exited his vehicle, Brankel noticed a strong odor of alcohol on Hale's breath. Brankel

also observed that Hale had glassy, watery, and bloodshot eyes; that he was stumbling and staggering; and that he mumbled in response to Brankel's inquiries.

Brankel asked Hale to perform several field sobriety tests but Hale refused to participate. Brankel then arrested Hale and transported him to the Waynesville Police Department where Hale was read his *Miranda*[2] rights and implied consent warning. After the implied consent warning was given, Hale was asked to take a breath test. Hale refused to take the breath test and the Director subsequently revoked his driver's license pursuant to section 577.041. Hale was fifty-six years old at the time of these events.

Hale petitioned for a review of the revocation by the trial court which upheld the revocation after an evidentiary hearing. Hale now appeals that decision.

### Analysis

Under section 577.041.4, a person who has had their driver's license revoked for refusing to submit to a chemical test may petition for a hearing before a "circuit court or associate circuit court" in the county in which the arrest or stop occurred.[3] If the person was at least twenty-one years old at the time of the refusal, the trial court's review is limited to a determination of 1) whether or not the person was arrested or stopped; 2) wheth-

---

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) requires that, prior to questioning, any person taken into police custody must be "warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." 384 U.S. at 444, 86 S.Ct. 1602.

3. We pause to note that the "associate circuit court" no longer exists in the State of Mis-

souri. The judicial article in the Missouri Constitution was amended in 1976 to create a three tier court system consisting of a supreme court, a court of appeals, and the circuit courts. Mo. Const. art. V, section 1; *Gregory v. Corrigan*, 685 S.W.2d 840, 842 (Mo. banc 1985). Associate circuit judges continue to exist and have jurisdiction to hear cases under Section 577.041.4 as they sit in divisions of the circuit courts.

er or not the officer had reasonable grounds to believe that the person was driving a motor vehicle in an intoxicated or drugged condition; and 3) whether or not the person refused to submit to the test. Section 577.041.4.

We will reverse the trial court's judgment only if it erroneously declares or applies the law, is not supported by substantial evidence, or is against the weight of the evidence. *Hagler v. Director of Revenue*, 223 S.W.3d 907, 909 (Mo.App. W.D.2007). "We view all evidence and reasonable inferences drawn therefrom in the light most favorable to the decision." *Id.* This Court defers to the trial court's credibility determinations. *Id.*

In the case at bar, the trial court found, by a preponderance of the evidence, that: 1) Hale was arrested; 2) Brankel had "probable cause to believe that Hale had committed an alcohol-related traffic offense"[4]; and 3) Hale refused to take a chemical breath test. At trial, Hale admitted that he was arrested and that he refused to take the breath test. Thus, the only possible finding left for Hale to challenge is whether Brankel had reasonable grounds to believe that Hale was driving the vehicle in an intoxicated condition. Section 577.041.4.

Instead of directly challenging the trial court's reasonable grounds finding, Hale alleges that: 1) he was denied a right to a speedy trial under section 545.780; 2) Brankel prevented him from having a blue Miller Lite can tested for DNA pursuant to section 575.100; 3) Brankel filled out a false police report; 4) Brankel committed perjury at the hearing; and 5) the trial court based its judgment upon hearsay testimony in violation of Hale's right to confront his accuser.

Regarding Hale's first and fifth claims of error, we note that the revocation of his driver's license under section 577.041 was an administrative act not subject to the constitutional requirements that would apply in a criminal case. *Garriott v. Director of Revenue*, 130 S.W.3d 613, 615 (Mo.App. W.D.2004); *St. Pierre v. Director of Revenue*, 39 S.W.3d 576, 579 (Mo. App. S.D.2001). For the same reason, Hale has no right to a speedy trial because section 545.780 applies to *criminal* defendants in *criminal* cases. Section 545.780. As to Hale's second claim, section 575.100 makes it a crime to tamper with physical evidence. Hale has failed to establish that Brankel would be guilty of having committed this crime if he had failed to give to Hale the beer can for testing as Hale claims. More importantly, Hale has failed to link this alleged conduct to any claim of trial court error. Rule 84.04.[5] Hale's second claim is therefore outside of our scope of review because it does not relate to any of the three findings the trial court was required to make under section 577.041.4. *Hagler*, 223 S.W.3d at 909.

If broadly construed, Hale's third and fourth points of error can be considered challenges to the trial court's finding that Brankel had reasonable grounds to believe that Hale was operating his vehicle in an intoxicated condition. Each of these points, however, essentially constitutes an attack on Brankel's credibility. Under our

---

4. Under Section 577.041.4, reasonable grounds to believe that a driver is intoxicated is synonymous with probable cause. *Guhr v. Director of Revenue*, 228 S.W.3d 581, 584 (Mo. banc 2007). It is also clear from the transcript and legal file that Hale was arrested for "driving while intoxicated."

5. Unless otherwise noted, all references to rules are to Missouri Rules of Civil Procedure (2007).

standard of review, we defer to the trial court on all determinations of witness credibility. *Hagler*, 223 S.W.3d at 909. Hale's third and fourth points are also denied and the judgment of the trial court is affirmed.

BARNEY, P.J. and RAHMEYER, J., Concur.