

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| GEORGE A VARGO, | ) | No. ED100756 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court of |
| vs. | ) | St. Charles County |
| | ) | |
| DIRECTOR OF REVENUE, | ) | Hon. William E. Alberty |
| | ) | |
| Appellant. | ) | FILED:  December 2, 2014 |

The Director of Revenue appeals the trial court's judgment reinstating George Vargo's driving privileges after they were revoked due to Vargo's refusal to submit to a breathalyzer.   We reverse and remand to restore the revocation.

### Background

On December 1, 2012, in St. Charles County, Trooper Jordan Hilliard followed a pick-up truck driven by Mr. Vargo for approximately two and a half miles before pulling him over for expired license plate tags. The tags had expired the previous day (November 30). Once stopped, Trooper Hilliard asked Vargo if he had had anything to drink that evening.  Vargo replied that he had had "a couple beers" while out to dinner with his wife, who was in the passenger seat.  Hilliard asked Vargo to exit the vehicle and asked Vargo to complete various field sobriety tests, after which Hilliard concluded that Vargo

was intoxicated. Hilliard then transported Vargo to the St. Charles County jail to undergo a breath test.

As Hilliard prepared the breathalyzer machine in a holding room, Vargo noticed a sign warning against use of the machine in the presence of active radios or electronics. Meanwhile Hilliard was struggling to operate the machine, her laptop was on, and her radio was receiving transmissions. Vargo stated that he didn't feel comfortable with Hilliard operating the machine under such conditions, so he declined to submit to the breathalyzer and offered to provide a blood sample instead. Hilliard rejected Vargo's proposal and had him sign a form acknowledging his refusal to submit to the breath test.

Pursuant to §577.041, the Director administratively revoked Vargo's driver's license for refusing the test. Vargo filed a petition for judicial review, and the court held a hearing at which Vargo adduced the only evidence, consisting of the alcohol influence report, accompanying narrative, Vargo's driving record, the refusal form, and his own testimony. Vargo testified that Hilliard's alcohol influence report was unfair or incorrect in various respects. For example, Vargo was forced to perform the one-leg stand for nearly a minute on a leg that had undergone surgery; Hilliard reported that Vargo drank three glasses of wine rather than "a couple beers," and Hilliard reported that Vargo stumbled on a grassy slope though the shoulder was paved and flat. Hilliard did not appear or testify.

The trial court ruled in Vargo's favor and reinstated his driving privileges, finding that Vargo did not refuse to submit to a test in that he distrusted the breathalyzer and requested a blood test instead but was denied that option. The Director appeals, asserting

2

that the trial court legally erred in that Vargo's conduct constitutes a refusal under applicable precedent.

## Standard of Review

The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." White v. Director of Revenue, 321 S.W.3d 298, 307–08 (Mo. 2010). Claimed error in applying the law is reviewed *de novo*. Id. The Director asserts an error of law, so our review is *de novo*.

## Analysis

Section 577.041 was adopted "to establish a fixed standard for procuring admissible evidence of blood alcohol for use against persons operating automobiles while intoxicated." Hinnah v. Dir. of Revenue, 77 S.W.3d 616, 619 (Mo. 2002). Under the statute, any person who drives on the public highways is deemed to have consented to a chemical test to determine the alcohol or drug content of the person's blood. Id. A person may refuse chemical analysis of his blood alcohol level, but if the arresting officer has reasonable grounds to believe that the person was driving while intoxicated, then the director will revoke that person's license for one year. Id. at 620. Upon judicial review of the revocation, the director bears the burden of proof, and the issues are limited to: (1) whether the person was arrested; (2) whether the officer had reasonable grounds to believe that the person was driving while intoxicated; and (3) whether the person refused to submit to the test. Id. citing §577.041.4. The inquiry ends once these three questions have been answered. Id.

In the present case, the trial court found, in check-the-box format, that: (1) Vargo was arrested, (2) Trooper Hilliard had reasonable grounds to believe that Vargo was driving while intoxicated, but (3) Vargo did not refuse the test in that he "felt [that the] machine (BA) [was] not working properly and request[ed] a blood test, which was refused."

The Director asserts that the trial court legally erred in that, under Missouri case law, Vargo's conduct constitutes a refusal. The Director's characterization is correct. In Fischbeck v. Director of Revenue, 91 S.W.3d 699 (Mo. App. E.D.), the driver refused to submit to a breathalyzer test after overhearing the arresting officer say that the machine wasn't working properly. Id. at 701. Fischbeck testified that he would have consented to the test had the machine been functional. Id. This court held that Fischbeck's decision qualified as a refusal regardless of his justification. Id. Furthermore, established Missouri precedent instructs that a driver's offer to take a blood test does not negate his refusal to take a breath test. State v. Brown, 804 S.W.2d 396, 398 (Mo. App. W.D. 1991). The initial refusal will support administrative revocation unless law enforcement decides to exercise its discretion to allow the driver to consent to the same or a different type of test following the initial refusal. Rothwell v. Director of Revenue, 419 S.W.3d 200, 209 (Mo. App. W.D. 2013). The arresting officer is not obligated to accept the driver's offer to take a blood test. McGuire v. Jackson County Prosecuting Attorney, 548 S.W.2d 272, 276 (Mo. App. 1977). The initial refusal to take the breath test is sufficient to revoke the driver's license. Id.

Bound by the foregoing authorities, we must reverse the trial court's judgment and remand the case for reinstatement of the Director's revocation of Vargo's license.

_____
CLIFFORD H. AHRENS, Judge

Lawrence E. Mooney, P. J., concurs
Glenn A. Norton, J., concurs.