

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| TRAVIS RADER, | ) | |
| | ) | |
| Appellant, | ) | WD78880 |
| | ) | |
| v. | ) | OPINION FILED:  May 31, 2016 |
| | ) | |
| DIRECTOR OF REVENUE, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Callaway County, Missouri**
The Honorable Carol A. England, Judge

Before Division One:  Lisa White Hardwick, Presiding Judge, Thomas H. Newton, Judge
and Cynthia L. Martin, Judge

Travis Rader ("Rader") appeals a judgment sustaining the revocation of his driving privileges based on his refusal to submit to a chemical analysis test to determine his blood alcohol content.  Because the evidence was sufficient to establish Rader's refusal, we affirm.

## Factual and Procedural Summary

Rader was arrested on November 9, 2014, for driving while intoxicated.  Rader concedes on appeal that the arresting officer had reasonable grounds to believe that Rader

was operating a motor vehicle while intoxicated. [Appellant's Brief, p. 7] Rader also concedes that after his arrest, the arresting officer read him the implied consent warning. [Appellant's Brief, p. 7] The only issue on appeal is whether the evidence was sufficient to establish that Rader refused to provide a sample of his breath for testing as requested by the arresting officer. We view the evidence with respect to this contested issue in the light most favorable to the judgment, giving deference to the trial court's assessment of the evidence. *Bruce v. Dep't of Revenue*, 323 S.W.3d 116, 118-19 (Mo. App. W.D. 2010).

Viewed in this manner, the evidence established that after Officer Clay Allen ("Officer Allen") read Rader Missouri's implied consent warning, Rader agreed to take a breath test. He attempted to blow into the breath testing machine three times. During his first attempt, Rader covered the mouthpiece of the instrument with his upper lip, and the instrument read "insufficient sample." Officer Allen told Rader that his upper lip was covering the mouthpiece of the instrument, and that he was not providing enough air to permit the instrument to give a reading. Rader did not modify the position of his mouth. He attempted to blow into the instrument a second and third time, and on both occasions covered the mouthpiece with his upper lip, yielding an "insufficient sample" reading. Thereafter, Rader told Officer Allen that he was not going to blow again and sat down. Officer Allen noted on the Alcohol Influence Report that Rader refused to submit to a breath test.

Rader filed a petition to review the resulting administrative suspension of his driving privileges. Following a hearing, where the above evidence was elicited through

the testimony of Officer Allen and through submission of a certified copy of the Alcohol Influence Report, the trial court entered its findings of fact, conclusions of law, and judgment ("Judgment") sustaining the revocation of Rader's driving privileges.

Rader timely appealed.

## Analysis

In a driver's license revocation case, the trial court's judgment "will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *White v. Director of Revenue*, 321 S.W.3d 298, 307-08 (Mo. banc 2010).

Section 577.020.1[1] provides that "[a]ny person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to . . . a chemical test or tests of the person's breath, blood, saliva or urine for the purpose of determining the alcohol or drug content of the person's blood." If a driver refuses to submit to chemical analysis to determine his blood alcohol content, that driver's license will be subject to revocation pursuant to section 577.041. If a driver petitions for review of a license revocation, it is the Director of Revenue's burden to prove by a preponderance of the evidence: (i) that the person was arrested or stopped; (ii) that the arresting officer had reasonable grounds to believe that the person was operating a motor vehicle under the influence of drugs or alcohol; and (iii) that the person refused to submit to chemical analysis. Section 577.041.4; *Bruce*, 323 S.W.3d at 119 (Mo. App. W.D. 2010).

---

[1]All statutory references are to RSMo 2000 supplemented through the date of Rader's arrest.

Rader does not challenge the sufficiency of the evidence to establish the first two criteria described in section 577.041.4. In Rader's sole point on appeal, he challenges only the sufficiency of the evidence to establish that he refused to submit to chemical analysis. The issue of whether a driver has refused to submit to a chemical analysis test is a question of fact to be decided by the trial court. *Hursh v. Director of Revenue*, 272 S.W.3d 914, 917 (Mo. App. W.D. 2009).

In the context of implied consent, the Missouri Supreme Court defines "refusal" as follows:

> [A]n arrestee, after having been requested to take the breathalyzer test, declines to do so of his own volition. Whether the declination is accomplished by verbally saying, "I refuse," or by remaining silent and just not breathing or blowing into the machine, or by vocalizing some sort of qualified or conditional consent or refusal, does not make any difference. The volitional failure to do what is necessary in order that the test can be performed is a refusal.

*Spradling v. Deimeke*, 528 S.W.2d 759, 766 (Mo. 1975). Here, the trial court found that Rader refused to submit to a chemical analysis test as requested by Officer Allen. Rader argues that he made a bona fide attempt to provide a breath sample for testing on three occasions, and that the three "insufficient sample" readings were not sufficient to support a finding of refusal. Rader's argument ignores that Officer Allen specifically pointed out after the first failed attempt that the positioning of Rader's upper lip was preventing the breath instrument from taking a reading. Yet, during the second and third attempts, Rader continued to use his upper lip to cover the mouthpiece of the instrument.

The trial court was free to infer from this evidence that Rader's attempts were not bona fide. A driver's failure to follow instructions about the manner in which to blow

4

into a breath analysis machine is sufficient evidence for a finder of fact to find a volitional failure to submit to chemical analysis test as required by law. *See Hursh*, 272 S.W.3d at 917 ("'A person's act in not blowing into the testing machine and by blowing around the mouthpiece to prevent the necessary quantity of air to proceed into the machine may be considered a refusal.'") (quoting *Tarlton v. Director of Revenue*, 201 S.W.3d 564, 569 (Mo. App. E.D. 2006)); *Wei v. Director of Revenue*, 335 S.W.3d 558, 565-66 (Mo. App. S.D. 2011) (holding that evidence was sufficient to find that a driver refused a chemical analysis test when the driver failed to blow into a breath test instrument in the manner instructed).

Moreover, even if we were to conclude that Rader's three unsuccessful attempts to blow into the breath testing instrument were not sufficient to support a finding that he refused to submit to chemical analysis, Rader does not contest that after the three failed attempts, he expressly refused to blow again. *See Chapman v. McNeil*, 740 S.W.2d 701, 702 (Mo. App. S.D. 1987) (affirming suspension of driver's license where driver unsuccessfully blew into breath testing instrument three times, then expressly advised that he was not going to blow anymore).

Point denied.

## Conclusion

The trial court's Judgment is affirmed.

_____
Cynthia L. Martin, Judge

All concur

5