

# In the Missouri Court of Appeals Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| RICHARD DUCOTE, | ) | No. ED106763 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | |
| | ) | Honorable Dianna L. Bartels |
| DIRECTOR OF REVENUE, | ) | |
| | ) | |
| Respondent. | ) | FILED: June 18, 2019 |

### Introduction

Richard Ducote ("Ducote") appeals from the circuit court's judgment upholding the revocation of his driving privileges. In his sole point on appeal, Ducote alleges that the circuit court erred in revoking his driving privileges because he presented uncontroverted evidence that he did not refuse to submit to a chemical test. Because the arresting officer provided testimony that Ducote refused to submit to a requested breath test, the circuit court did not err in upholding the Director of Revenue's (the "Director's") revocation of Ducote's driving privileges. Accordingly, we affirm the circuit court's judgment.

### Factual and Procedural History

Trooper Orry Baker ("Trooper Baker") responded to the scene of a vehicle collision. Trooper Baker determined from his investigation that the passenger car in front of Ducote slowed to make a left-hand turn and Ducote's truck struck the rear of the car. Trooper Baker spoke with Ducote—who admitted to having driven the vehicle that rear-ended the passenger

car. During their conversation, Trooper Baker noticed that Ducote slurred and mumbled some of his words, Ducote's breath had a strong odor of intoxicating beverage, Ducote swayed as he stood, and Ducote's eyes were glassy, bloodshot, and watery.

Ducote admitted to drinking two beers prior to driving his truck. Trooper Baker asked Ducote to perform field sobriety tests. After a discussion and some hesitation, Ducote agreed. Trooper Baker administered the horizontal gaze nystagmus test. Ducote exhibited six clues of intoxication. Ducote then submitted a sample into the preliminary breath test ("PBT"), which tested positive for alcohol. Subsequently, Ducote performed the alphabet-recitation test, which he conducted without error. Lastly, Trooper Baker asked Ducote to complete a counting test; Ducote performed poorly.

Trooper Baker arrested Ducote and read him both his Miranda rights and the Missouri Implied Consent Law.[1] Ducote subsequently consented to take a breath test. Trooper Baker then transported Ducote to the Jefferson County Sheriff's Office North Zone to conduct the breath test. After heeding the fifteen-minute observation period, Trooper Baker was unable to get a breath sample from Ducote due to incomplete maintenance on the machine. Trooper Baker informed Ducote that the machine was not functioning and told Ducote the next closest machine was at the Sunset Hills Police Department. Ducote then refused to take the test. Specifically, Ducote told Trooper Baker "I don't—I just want to refuse then. I don't want to go up there." Trooper Baker issued Ducote a refusal notice pursuant to Sections 302.574.1, 577.041[2]; the Director subsequently revoked Ducote's driving privileges.

---

[1] Pursuant to Section 577.020.1 RSMo (2016), any person who operates a vehicle in Missouri "shall be deemed to have given consent . . . to a chemical test or tests of the person's breath, blood, saliva, or urine for the purpose of determining the alcohol or drug content of the person's blood[.]"
[2] All Section references are to RSMo (2016), unless otherwise noted.

Ducote petitioned the circuit court to review the revocation of his driving privileges.[3] At the hearing, Ducote testified that at no time did he refuse to submit a breath sample. Instead of refusing, Ducote testified that he simply stated—after learning that they would need to travel to Sunset Hills—that he had health insurance and could do a blood test instead. Ducote claimed he was not unwilling to travel to the Sunset Hills location nor did he refuse to take the test. Trooper Baker testified that he did not recall whether Ducote suggested they go to the hospital for a blood test.

Following the hearing, the circuit court upheld the revocation of Ducote's driving privileges. Specifically, the circuit court issued a judgment consisting of a pre-printed form on which it checked boxes indicating its determinations. The circuit court checked a box showing that the cause was submitted upon the certified copy of the Alcohol Influence Report and the testimony of the arresting officer. The circuit court also checked the box indicating that there were reasonable grounds to believe that Ducote was driving a motor vehicle in an intoxicated condition and had refused to submit to the test(s) requested by Trooper Baker. The circuit court did not check the box indicating testimony was presented by the petitioner. Ducote now appeals.

## Point on Appeal

In his sole point on appeal, Ducote argues that the circuit court erred in revoking his driving privileges because the circuit court failed to consider Ducote's testimony and Ducote presented uncontroverted evidence that he did not refuse to submit to the chemical test requested by Trooper Baker.

---

[3] Section 302.574.4 provides "If a person's license has been revoked because of the person's refusal to submit to a chemical test, such person may petition for a hearing." At the hearing, the circuit court shall determine "[w]hether the person refused to submit to the test." Section 302.574.4(3). If the court determines this issue "not to be in the affirmative, the court shall order the director to reinstate the license or permit to drive." Section 302.574.5.

3

Similar to other court-tried cases, in our review of a court-tried case involving a license revocation, "the [circuit] court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." White v. Dir. of Revenue, 321 S.W.3d 298, 307–08 (Mo. banc 2010) (citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976)). We will find the circuit court's judgment is against the weight of the evidence only if we "have a firm belief that the judgment is wrong." Id. at 308 (citing Murphy, 536 S.W.2d at 32).[4]

## Discussion

## I.     The Circuit Court Did Not Err in Disbelieving Ducote's Testimony

Ducote argues that the circuit court erred in failing to consider his testimony in its decision. We disagree.

Here, the circuit court found that Ducote refused to submit to the requested chemical breath test. Although the circuit court's judgment does not explicitly explain its conclusion, "all fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Allison v. Dir. of Revenue, 525 S.W.3d 127, 131 (Mo. App. W.D. 2017) (quoting Mo. R. Civ. P. Rule 73.01(c) (2017)). Further, "we will affirm the [circuit] court's judgment on any basis supported by the record." Id. (internal quotations omitted). The record provides no indication that the circuit court's failure to check the box indicating that Ducote also testified at the hearing was not merely an inadvertent oversight.

---

[4] In his point on appeal, Ducote claims all three Murphy errors: 1) there is no substantial evidence to support the decision; 2) the judgment goes against the weight of the evidence; and 3) the circuit court misapplied the law. In his "introduction and standard of review," Ducote only delves into the details of the "substantial evidence" error. However, in his conclusion, Ducote mentions only that the judgment was against the weight of the evidence. Ultimately, we determine here that under any of the standards, Ducote's point fails. However, this opinion focuses on the weight of the evidence argument as the most persuasive. See Allison v. Dir. of Revenue, 525 S.W.3d 127, 131 (Mo. App. W.D. 2017) (noting that we may affirm the circuit court's judgment on any supported ground).

Further, Ducote fails to show he was prejudiced by the circuit court's apparent failure to believe or adequately consider his testimony. Specifically, the circuit court was not obligated to believe Ducote's testimony, and Trooper Baker's testimony expressly contradicted Ducote's allegation that he did not refuse to take the breath test. See White, 321 S.W.3d at 308; Vargo v. Dir. of Revenue, 450 S.W.3d 496, 499 (Mo. App. E.D. 2014). Thus, we find no circuit court error in its consideration of the testimony presented.

**II.    The Circuit Court's Judgment is Not Against the Weight of the Evidence**

Circuit courts will uphold the revocation of a person's driving privileges upon the Director's showing three elements by a preponderance of the evidence: "(i) that the person was arrested or stopped; (ii) that the arresting officer had reasonable grounds to believe that the person was operating a motor vehicle under the influence of drugs or alcohol; and (iii) that the person refused to submit to chemical analysis." Allison, 525 S.W.3d at 130 (quoting Rader v. Dir. of Revenue, 490 S.W.3d 778, 779 (Mo. App. W.D. 2016)). Here, Ducote only contests the last element—whether he refused to submit to the breath test.

"In reviewing a particular issue that is contested, the nature of the appellate court's review is directed by whether the matter contested is a question of fact or law." White, 321 S.W.3d at 308. In questions of fact, we defer to the circuit court's assessment of the evidence and its credibility findings. Id. (internal citations omitted). The circuit court is free to believe any, all, or none of the evidence presented by the parties. Id.

The record indicates that Ducote, after learning he would need to go to Sunset Hills to take the breath test, refused to complete the breath test. "A 'refusal' [to submit to a chemical test] occurs when a person fails, of his or her own volition, to do what is necessary in order for the test at issue to be performed." Allison, 525 S.W.3d at 130 (internal quotations omitted). Trooper Baker testified at the hearing that when he told Ducote that the breath-test machine was

5

not functioning and directed Ducote to accompany him to the next closest machine, at the Sunset Hills Police Department, Ducote refused to take the test, saying, "I just want to refuse then. I don't want to go up there." Although Ducote denied this refusal, the circuit court did not believe his testimony. See White, 321 S.W.3d at 308 (finding that the circuit court is free to disbelieve any or all of the evidence presented by the parties). Because Trooper Baker's testimony directly contradicted Ducote's testimony denying his refusal, the evidence was contested. Where evidence is contested, we must defer to the circuit court's determination of the facts. See White, 321 S.W.3d at 311; Rader, 490 S.W.3d at 780 ("The issue of whether a driver has refused to submit to a chemical analysis test is a question of fact to be decided by the [circuit] court."). Thus, we necessarily defer to the circuit court's determination that Ducote validly refused to complete the breath test.

Even had Ducote offered to take a blood test after refusing to take the breath test, we still consider his refusal to submit to the breath test a valid refusal under Section 577.041. See Vargo, 450 S.W.3d at 499 (noting that "a driver's offer to take a blood test does not negate his refusal to take a breath test" and "[t]he arresting officer is not obligated to accept the driver's offer to take a blood test"); Beach v. Dir. of Revenue, 188 S.W.3d 492, 496 (Mo. App. W.D. 2006) ("A qualified or conditional consent is tantamount to a refusal, except where a driver qualifies a refusal on his having an opportunity to contact an attorney.").

Viewing the evidence in the light most favorable to the judgment, and deferring to the circuit court's assessment of the evidence, we find that the circuit court's judgment was not against the weight of the evidence. See White, 321 S.W.3d at 307–08 (citing Murphy, 536

S.W.2d at 32). The circuit court did not err in upholding the Director's suspension of Ducote's driving privileges. Ducote's point on appeal is denied.[5]

Conclusion

The judgment of the circuit court is affirmed.

_[signature]_

KURT S. ODENWALD, Presiding Judge

Gary M. Gaertner, Jr., J., concurs.
Colleen Dolan, J., concurs.

---

[5]    At oral argument, Ducote focused on whether the circuit court erred in refusing to provide the requested findings upon his timely request at the hearing. However, Ducote did not raise this argument in his point on appeal. See Mo. R. Civ. P. Rule 84.04(e) (mandating that the argument be limited to the errors included in the points relied on). For this reason, we do not entertain this new point on appeal. See Piatt v. Ind. Lumbermen's Mut. Ins. Co., 461 S.W.3d 788, 794 n.4 (Mo. banc 2015). We note that Ducote did make a brief mention of this issue in the argument portion of his brief. However, instead of developing his argument, Ducote merely contended in one paragraph that the circuit court's findings appeared to be incomplete because the circuit court failed to consider Ducote's testimony and failed to expressly state that it found Ducote's testimony not credible or Trooper Baker's testimony credible.

Even if we deemed Ducote's allegation properly argued under Rule 84.04, substantial evidence nevertheless supports the circuit court's judgment. See Hagler v. Dir. of Revenue, 223 S.W.3d 907, 910 (Mo. App. W.D. 2007) (internal citation omitted) ("No remand is required . . . where substantial evidence supports the [circuit] court's decision."). Typically, "a [circuit] court is required to make requested findings upon a party's timely request and failure to do so is error that may result in a remand." Id. (internal citation omitted). Here, the circuit court provided only the check-the-box formatted judgment instead of a full document explaining the reasoning behind its decision. However, the record shows that Trooper Baker not only initially testified Ducote refused to submit to the breath test when requested, but further reaffirmed Ducote's refusal to submit when Trooper Baker was recalled to testify after Ducote's testimony denying any refusal. The circuit court evidently believed Trooper Baker's testimony. We find that substantial evidence supports the circuit court's decision to uphold the revocation of Ducote's driving privileges and we need not remand for further findings.

While the judgment form used by the circuit court provides a convenient format for entering judgments under Section 577.041, we acknowledge Ducote's frustration in the limited findings expressed in the form judgment. When a party expressly requests findings of fact, the judicial process is better served when the trial court includes brief written comments on the form further explaining its findings rather than simply checking boxes in the judgment form. We further note that the form may benefit from some revision. Specifically, under both the "reasonable grounds" section and the "refusal" section, the pre-printed form judgment provides an extra line for the trial court to explain its reasons for finding there were *not* reasonable grounds to believe the Petitioner was driving a motor vehicle while intoxicated or that the petitioner did not refuse to submit to the tests. The form presently does not include an extra line for the trial court to explain its reasons why there *were* reasonable grounds to believe Petitioner was driving a motor vehicle while in an intoxicated or drugged condition or refused to submit to the test(s) requested by the arresting officer. Including the extra line for said explanation would address the concerns raised by Appellant/Petitioner in this action.