James B. CHANCELLOR, Respondent,

v.

Janette M. LOHMAN, Appellant.

No. WD 54829.

Missouri Court of Appeals,
Western District.

Sept. 8, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan Buchheim, Attorney General Office, Jefferson City, for Appellant.

William Shull, Jr., Liberty, for Respondent.

Before SPINDEN, P.J., ULRICH and SMITH, JJ.

PER CURIAM.

The Honorable Janette M. Lohman, director of the Department of Revenue, appeals the circuit court's judgment that she erred in revoking[1] James B. Chancellor's license to drive. The director revoked Chancellor's license on the ground that he had refused to submit to a breath test for alcohol. The circuit court ordered the director to reinstate Chancellor's license. We reverse the circuit court's judgment.

A sheriff's deputy asked Chancellor to submit to the test on December 7, 1996, after concluding that he had been driving a car while intoxicated. The deputy stopped the

---

1. Section 577.041.3, Supp.1996, denominates the action as a revocation although its duration is limited to one year.

car which Chancellor was driving after the deputy received a radio report at about 9:00 P.M. that, moments earlier, a Highway Patrol trooper had seen a car which looked like Chancellor's car travelling fast and erratically on Interstate 29. The report said that a white Lexus had left I–29 and was headed west on Mo. 45. About a mile from I–29, the deputy saw a white Lexus being driven by Chancellor pass him at what appeared to be high speed. He stopped Chancellor's car after turning around and catching up to it. While catching up with Chancellor's car, the deputy saw the car swerve in its lane "a little bit."

The deputy smelled a strong odor of alcohol inside Chancellor's car and on Chancellor's breath. Chancellor was unsteady and had difficulty keeping his balance. Chancellor nearly fell twice. He held onto his car's door handle to keep his balance. His eyes were bloodshot and appeared glassy. His speech and movements were slow and unsure. Chancellor admitted that he had drunk three or four glasses of whiskey earlier that night, and the deputy found a glass with whiskey in it inside the car. Because of Chancellor's difficulty standing and the ground's steepness, the deputy decided that doing sobriety tests would be unsafe. Without conducting any sobriety tests, he arrested Chancellor for driving while intoxicated and took him to the county jail.

At the jail, another deputy read a warning to Chancellor and asked him to take a breath test. Chancellor refused. The arresting deputy had intended to administer sobriety tests at the jail, but he testified that, before he could conduct the tests, a judge called the jail and ordered deputies to release Chancellor.[2]

Lohman revoked Chancellor's license to drive. Chancellor sued in circuit court for its review of the director's revocation. After a trial, the circuit court reversed Lohman's decision on the ground that the deputy did not have probable cause for arresting Chancellor.

2. The judge who called was not the trial judge in this case.

■ The deputy had probable cause to arrest Chancellor. "Probable cause for arrest exists when an officer possesses facts which would justify a person of reasonable caution to believe that an offense has been or is being committed and that the individual to be arrested committed it." *Wilcox v. Director of Revenue, State of Missouri*, 842 S.W.2d 240, 242 (Mo.App.1992). *See also Johnson v. Director of Revenue*, 920 S.W.2d 129, 132 (Mo.App.1996). The deputy smelled alcohol on Chancellor's breath, and Chancellor admitted to having drunk alcoholic beverages a brief time earlier. A glass containing whiskey was in Chancellor's car. Chancellor was unsteady on his feet, and his movements and speech were slow. His eyes were bloodshot and glassy. The deputy had good reason to believe that Chancellor had been driving his car erratically moments earlier on an interstate highway.

■ Chancellor makes much of the deputy's not giving him sobriety tests, such as reciting the alphabet and walking along a line. Such tests are not mandatory. *Wilcox*, 842 S.W.2d at 243. They merely are an aide to an officer's other observations in determining whether he has probable cause for an arrest. They certainly were not necessary in this case to establish probable cause that Chancellor was driving while intoxicated and to give the deputy reasonable grounds for asking him to submit to a breath test.

Chancellor also argues that steepness of the road grade caused his unsteadiness. Perhaps so, but this argument is of little assistance to him. The issue was whether a reasonably diligent and observant officer had sufficient reason for concluding under the circumstances that he had been driving while intoxicated. Even without sobriety tests and even considering the steep terrain, this deputy had ample cause for believing Chancellor had been driving while intoxicated.

Because the deputy's arrest was supported by probable cause and Chancellor refused to submit to a breath test, § 577.041, RSMo Supp.1996, authorized Lohman's revocation of his driving license. We reverse the circuit court's judgment and direct the circuit court to reinstate the director's order of revocation.