**Shawn D. TERRY, Respondent,**

**v.**

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 57099.**

Missouri Court of Appeals,
Western District.

April 4, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

James K. Journey, Clinton, for respondent.

Before JOSEPH M. ELLIS, Presiding Judge, PAUL M. SPINDEN, Judge and THOMAS H. NEWTON, Judge.

ELLIS, Judge.

On October 11, 1998, Missouri Highway Patrol Officer Hugh Fowler stopped a vehicle driven by Shawn Terry for failure to signal a turn and speeding. Fowler brought Terry back to sit in the patrol car, at which time he noticed the smell of intoxicants (beer) on Terry's person, that his eyes were bloodshot and glassy, his speech was slurred, and he swayed when he walked to the car.[1] Officer Fowler asked Terry how much he had had to drink, and Terry responded, "A couple." Fowler conducted a gaze nystagmus test, on which Terry scored 6 of 6 points.[2] Fowler then requested Terry take a portable breathalyzer test, which Terry refused, along with any further field sobriety tests. Fowler placed Terry under arrest and transported him to the Henry County jail. Upon arrival at the jail, Terry was read the *Miranda* warnings and the Implied Consent Law, § 577.020.[3] He subsequently refused to answer further questions and refused any tests. Terry was given notice of administrative revocation of his driving privileges effective October 26, 1998, and required to surrender his driver's license.

On October 16, 1998, Terry filed a petition for review of the revocation of his driving privileges in the Circuit Court of Henry County. A hearing was held on February 9, 1999, wherein the case was submitted on the Department of Revenue's certified records and Terry presented no evidence. The trial court set aside the revocation of Terry's driving privileges, finding that the arresting officer lacked reasonable grounds to believe that Terry was driving a motor vehicle while in an intoxicated or drugged condition. Director appeals.

In his sole point of error on appeal, Director argues that the trial court erred when it set aside the revocation of Terry's driving privileges under Section 577.041, because the officer's observations, coupled with Terry's admission and refusal of any further tests formed a prima facie case of

1. All facts are gleaned from the Alcohol Influence Report completed by Fowler and submitted by Director. Terry stipulated to the facts contained therein.

2. "One point is scored for eye movement indicative of alcohol influence for each of the three tests for each eye. The highest possible score is six points, with a score of four or more points constituting substantial evidence that a suspect is intoxicated." *State v. Hill*, 865 S.W.2d 702, 704 (Mo.App. W.D.1993), *overruled on other grounds*, *State v. Carson*, 941 S.W.2d 518 (Mo. banc 1997).

3. All statutory references are to RSMo Cum. Supp.1998, unless otherwise noted.

driving while intoxicated. Terry maintains that the officer lacked reasonable grounds for arrest, because the arrest was based upon the officer's subjective observation of the odor of intoxicants and his alleged failure of the gaze nystagmus test.

We will affirm the trial court's decision unless it is not supported by substantial evidence, is against the weight of the evidence, or misstates or misapplies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the trial court's judgment. *Jurgiel v. Director of Revenue,* 937 S.W.2d 397, 398 (Mo.App. E.D.1997). The trial court's decision is limited to a determination of whether (1) the individual was arrested; (2) the arresting officer had reasonable grounds to believe the individual was driving while intoxicated; and (3) the individual refused to submit to the test. *§ 577.041.4; Borgen v. Director of Revenue,* 877 S.W.2d 172, 174 (Mo.App. W.D.1994).

"Reasonable grounds" for arrest for driving while intoxicated is virtually synonymous with probable cause. *Wilcox v. Director of Revenue,* 842 S.W.2d 240, 242 (Mo.App. W.D.1992). The standard for determining probable cause is the probability of criminal activity rather than a prima facie showing of guilt. *Id.* at 243. "The quantum of proof required to show reasonable grounds is substantially less than that required to establish guilt beyond a reasonable doubt." *Baptist v. Lohman,* 971 S.W.2d 366, 368 (Mo.App. E.D. 1998). The standard is one of a "prudent, cautious and trained police officer at the scene at the time of arrest." *Wilcox,* 842 S.W.2d at 243. Although mere suspicion is not sufficient for reasonable grounds, absolute certainty is not required. *Id.*

Terry argues that "the only other observations noted by the arresting officer in the alcohol influence report is the subjective odor of alcohol." Contrary to this argument, the report notes *ten* observations in addition to failure of the HGN test which would lead a prudent, trained officer to believe he had been drinking, and is accompanied by a narrative report. The arresting officer stopped Terry for an undisputed traffic violation. When Terry joined him in the patrol car, Officer Fowler detected a strong odor of intoxicants. The officer also noted that Terry's eyes were bloodshot, glassy and watery, his speech was slurred, and that he was swaying as he stood and walked. Terry admitted to having "a couple" of drinks. He was uncooperative and had difficulty following instructions. He failed one field sobriety test and refused any other testing. The trial court found that the officer's observations were not sufficient to establish reasonable grounds for arrest for driving while intoxicated. We disagree.

This court has previously held that probable cause for arrest for driving while intoxicated exists where an officer stops a vehicle for a traffic violation, observes the driver's eyes to be bloodshot and glassy, detects the odor of alcohol on the driver's breath, the driver admits to drinking, and fails one or more field sobriety tests. *Eggleston v. Lohman,* 954 S.W.2d 696, 697 (Mo.App. W.D.1997); *Lewis v. Lohman,* 936 S.W.2d 582, 584 (Mo.App. W.D.1996). *See also Knipp v. Director of Revenue,* 984 S.W.2d 147, 152 (Mo.App. W.D.1998); *Wilcox,* 842 S.W.2d at 243–44.

Although Terry argues that the he only "allegedly" failed the horizontal gaze nystagmus test in his Point Relied On, he does not support this point in the argument section of his brief. *Rule 84.04(e).* Regardless of this omission, we note that Terry stipulated to the admission into evidence of the Alcohol Influence Report and made no objection to any part thereof. The Report reflects that he failed the gaze nystagmus test. Thus, the unobjected to and unrefuted evidence in the record conclusively contradicts his contention. Moreover, field sobriety tests are not mandatory. *Chancellor v. Lohman,* 984 S.W.2d 857, 858 (Mo.App. W.D.1998).

The results of such tests are merely an aid to be used by the officer in conjunction with other observations to determine if he has probable cause for arrest. *Id.* Even in the absence of *any* field sobriety tests, we have held similar observations by an arresting officer to constitute sufficient evidence to meet the test of probable cause. *Duffy v. Director of Revenue,* 966 S.W.2d 372, 380 (Mo.App. W.D.1998); *McNeill v. Wallace,* 699 S.W.2d 534, 535 (Mo.App. W.D.1985).

For the foregoing reasons, we conclude that the trial court erred in finding that Officer Fowler did not have reasonable grounds to believe that Terry was driving while intoxicated. Accordingly, the judgment of the trial court is hereby reversed and the cause is remanded for reinstatement of the Director's revocation of Terry's driving privileges.

All concur.