Bradley STEWART, Appellant,

v.

DIRECTOR OF REVENUE,
Respondent.

No. WD 60159.

Missouri Court of Appeals,
Western District.

June 4, 2002.

Mary Ann Drape, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Sarah E. Ledgerwood, Asst. Atty. Gen., Jefferson City, for Respondent.

PAUL M. SPINDEN, Chief Judge.

Bradley Stewart appeals the circuit court's judgment upholding the decision by the director of the Department of Revenue to revoke his driving privileges pursuant to § 577.041, RSMo 2000, for refusing to submit to a breathalyzer test. Stewart contends that the circuit court's judgment is not supported by substantial evidence because the director did not establish that the arresting officer had reasonable grounds to believe he was driving while intoxicated. We affirm.

The evidence established that during the evening of November 24, 2000, Stewart was at Station Casino in Kansas City. Around 8:30 or 9:00 P.M., the casino's security personnel sent Stewart home in a taxicab because, according to Stewart, he had been drinking.

Around midnight, Stewart returned to the casino to retrieve his truck. Shawn Trower, a valet at Station Casino, saw Stewart driving a Ford Ranger in the casino's parking lot. Trower said that Stewart was driving erratically and that the vehicle hit a curb and began swerving around the casino's parking lot in an "S" pattern. The vehicle then hit another curb and then went off the curb and down an embankment. Stewart got out of truck and ran toward the casino. Trower said that he did not see anyone else get out of the truck. Trower was about 200 feet away when he witnessed Stewart's driving.

When Stewart walked up to the casino, Trower said that casino personnel approached Stewart and began talking with him. Trower said that he then returned to his valet duties. In the meantime, someone notified police at 1:00 A.M. Trower said that casino security personnel did not detain Stewart and that, as far as he knew, Stewart was free to wander about until police arrived. Trower said, however, that he did not believe that Stewart was allowed in the casino.

Kansas City Police Officer Christopher Smith arrived at the casino around 1:20 A.M.[1] Trower informed Smith of Stewart's erratic driving. When Smith approached Stewart, he could smell a strong odor of alcohol on his breath. Smith also noted that Stewart's eyes were glassy and staring and that Stewart swayed while standing. Stewart refused to take any field sobriety tests. Smith arrested Stewart for driving while intoxicated. At the police station, Stewart refused to submit to a breathalyzer test.

The director revoked Stewart's driving license for one year pursuant to § 577.041 for refusing to submit to a chemical test. Stewart filed an application for a hearing with the circuit court, and the circuit court upheld the director's revocation of Stewart's driving license. Stewart appeals.

Stewart contends that the circuit court's judgment is not supported by substantial evidence. He asserts that the director did not establish that the arresting officer had reasonable grounds to believe Stewart was driving while intoxicated. We disagree.

To revoke a driving license on the ground that a driver has refused to submit to a chemical test, the director must establish that (1) a qualified law enforcement officer arrested or stopped the driver, (2) with reasonable grounds to believe that the driver was driving while intoxicated, and (3) the driver refused to submit to a chemical test. Section 577.041.4; *Zimmerman v. Director of Revenue*, 988 S.W.2d 583, 585 (Mo.App.1999). If the director fails to establish one of these requirements, the driver's driving privileges must be reinstated. Section 577.041.5; *Zimmerman*, 988 S.W.2d at 585.

The issue in this case is whether the evidence established the second element—whether the officer had reasonable grounds to believe that Stewart was driving while intoxicated. "Reasonable grounds" is virtually synonymous with probable cause. *Terry v. Director of Revenue*, 14 S.W.3d 722, 724 (Mo.App.2000). In determining whether an officer has reasonable grounds to believe that a person is driving while intoxicated, the courts must

---

[1]. Smith did not testify. The director introduced into evidence the department's records, which included a certified copy of police reports.

evaluate the evidence situation from the viewpoint of a cautious, trained, and prudent police officer at the scene at the time of the arrest. *Wilcox v. Director of Revenue,* 842 S.W.2d 240, 243 (Mo.App.1992). "Although mere suspicion is insufficient to establish probable cause, absolute certainty is not required." *Id.*

Stewart contends that, because Smith did not have "first hand knowledge" and did not see Stewart driving, the director did not establish that the officer had reasonable grounds to believe that Stewart was driving. An officer, however, need not actually see the person driving to have reasonable grounds. *Kinsman v. Director of Revenue,* 58 S.W.3d 27, 33 (Mo.App. 2001). An officer may rely on circumstantial evidence to establish the driving element. *Id.* He may also rely on testimony of other persons who witnessed the individual driving. *Rain v. Director of Revenue,* 46 S.W.3d 584, 588 (Mo.App.2001). Hence, in this case, the director established that Smith had reasonable grounds to believe Stewart was driving because Smith could rely on Trower's statement that he observed Stewart driving in the casino parking lot.[2]

Stewart also contends that Smith did not have reasonable grounds to believe that he was intoxicated while driving. He asserts that the evidence established that more than an hour lapsed between the accident and the arrest and that no one testified about what Stewart did during this time or whether he consumed any alcohol during this time. He also points out that, although Trower claims that he observed Stewart's driving, Trower did not offer any testimony regarding whether Stewart was intoxicated at the time of driving.

The director was not required to prove that Stewart was intoxicated but only that Smith had reasonable grounds to believe Stewart was intoxicated. *Calicotte v. Director of Revenue,* 20 S.W.3d 588, 593 (Mo.App.2000). Given casino personnel's sending Stewart home earlier in a taxicab because he had been drinking and given the valet's seeing Stewart driving erratically in the casino parking lot, this evidence alone establishes that Smith had reasonable grounds to believe that Stewart was driving while intoxicated. Reasonable grounds "exists when the facts and circumstances would warrant a reasonable person to believe that an offense has been committed." *McCabe v. Director of Revenue,* 7 S.W.3d 12, 14 (Mo.App.1999). Under these facts and circumstances, a reasonable person would believe that Stewart was driving while intoxicated.

We, therefore, affirm the circuit court's judgment upholding the Director of Revenue's revocation of Stewart's driving privileges pursuant to § 577.041 for refusing to submit to a breathalyzer test.

ROBERT G. ULRICH, Judge, and EDWIN H. SMITH, Judge, concur.

---

2. Stewart points to his brother-in-law's testimony as proof that someone else drove and wrecked his truck. Stewart's brother-in-law claimed that he and Stewart returned to the casino around midnight and that he asked the valet for the keys to the truck but that the valet did not have the keys. According to Stewart's brother-in-law, they subsequently found the truck wrecked in the parking area of the casino with a flat tire. When weighing witness credibility, the circuit court is free to accept or to reject all, part, or none of the testimony of any witness. *Hawk v. Dir. of Revenue,* 943 S.W.2d 18, 20 (Mo.App.1997).