Brett D. KISKER, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. WD 63712.

Missouri Court of Appeals, Western District.

Nov. 2, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen Hess, Office of Attorney General, Jefferson City, for appellant.

Scott W. Ross, Maryville, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

The Director of Revenue appeals the trial court's judgment in favor of Brett

Kisker setting aside the suspension of Kisker's driving privileges. The judgment also taxed costs against the Director. The Director presents three points on appeal. The Director first contends that the trial court erred by setting aside the suspension of Kisker's license on the basis of "metabolic curve" expert testimony. Specifically, the Director takes the position that the testimony in question was based upon facts and data that were not otherwise reasonably reliable. Second, the Director argues that the trial court erred in setting aside the suspension on the grounds that the court misapplied the law and its judgment was against the weight of the evidence and was not supported by substantial evidence, given that Kisker failed to rebut the Director's *prima facie* case. Third, the Director claims that the trial court's assessment of costs against the Director was improper and violated Section 536.085.1, RSMo 2000.

We reverse the judgment below, insofar as it assesses costs against the Director, but affirm the judgment below in all other respects.

### FACTUAL AND PROCEDURAL BACKGROUND

Around 1:00 A.M. on June 6, 2003, Brett Kisker was stopped by Sergeant David Todd of the Maryville Department of Public Safety, after Kisker was observed by Sergeant Todd making two turns without using a turn signal. Kisker admitted drinking that evening, though claiming that he had not consumed "very much" alcohol.

Field sobriety tests were begun, but were interrupted by rain. Sergeant Todd took Kisker into custody and transported him to the Maryville Police Department for additional field sobriety testing. That subsequent sobriety testing indicated signs of intoxication. Kisker agreed to undergo breath testing to determine his blood alcohol level. That test was administered at 1:33 A.M., and indicated a blood alcohol level of .080 percent.

At trial, Kisker offered testimony regarding his consumption of alcohol prior to his arrest. He also offered expert testimony by Dr. James Fleming, who rendered an opinion that, based upon the data previously provided by Kisker (which was consistent with Kisker's testimony at trial), that his blood alcohol level was below .080 percent at the time he was stopped by Sergeant Todd. The trial court found that Kisker had rebutted the Director's *prima facie* case and reinstated Kisker's driving privileges. The Director appeals.

### DISCUSSION

The judgment of the trial court must be affirmed, unless the trial court's judgment is not supported by substantial evidence, is against the weight of the evidence, or it incorrectly declares or applies the law. *See Hampton v. Dir. of Revenue,* 22 S.W.3d 217, 220 (Mo.App.2000). We view the evidence and the reasonable inferences drawn therefrom in the light most favorable to the judgment. *Terry v. Dir. of Revenue,* 14 S.W.3d 722, 724 (Mo.App. 2000). If the judgment is supported by substantial evidence, it will be upheld, regardless of whether this court would have reached a different result. *Hampton,* 22 S.W.3d at 220.

### I. Admissibility of "Metabolic Curve" Expert Testimony

■ The Director's first point on appeal contends that the trial court erred by admitting "metabolic curve" testimony by Kisker's expert, Dr. Fleming, because that testimony was premised upon facts and data that were not otherwise reasonably reliable. As such, the Director claims that the evidence was inadmissible under Section 490.065.3, RSMo 2000.

The Director relies primarily upon inconsistencies between the data utilized by Dr. Fleming in rendering an opinion that Kisker had a blood alcohol level under .080 percent at the time he was operating the vehicle and the information provided to the arresting officer by Kisker and noted on the officer's alcohol influence report. There were inconsistencies between the data relied upon by Dr. Fleming and the information contained within the alcohol influence report. However, the alcohol influence report is also inconsistent with Kisker's testimony at trial. That testimony was, in turn, consistent with the data relied upon by his expert. Essentially, the Director's point is little more than a claim that the trial court should have found the alcohol influence report more credible than Kisker's testimony and, therefore, found Dr. Fleming's data to be unreliable.

█ It is not the role of this court to reweigh the evidence or to substitute our judgment with regard to the credibility of witnesses. Instead, we must view the evidence in the light most favorable to the trial court's judgment. The determination of a witness' credibility is a factual issue. *Hampton*, 22 S.W.3d at 220. We defer to the trial court on such matters, given that it has a "superior ability to judge factors such as credibility, sincerity, character of the witnesses, and other intangibles not revealed in the transcript." *Malawey v. Malawey*, 137 S.W.3d 518, 522 (Mo.App. 2004).

By accepting the testimony of Dr. Fleming, we can infer that the trial court found Kisker's testimony, which reflected the data relied upon by his expert, to be more credible and accurate than the information transcribed by the arresting officer within the alcohol influence report. *See generally, Schreibman v. Zanetti*, 909 S.W.2d 692, 698 (Mo.App.1995).

The Director's first point on appeal is denied.

## II. Sufficiency of the Evidence

█ The Director's second point on appeal argues that the trial court erred in granting judgment in Kisker's favor because he failed to rebut the Director's *prima facie* case. In order to make a successful rebuttal, here, Kisker was required to present evidence that raised a genuine question of fact as to whether his blood alcohol concentration was above the legal limit at the time he was stopped by the arresting officer. *Verdoorn v. Dir. of Revenue*, 119 S.W.3d 543, 546 (Mo. banc 2003). In her argument, the Director takes the position that there was not a successful rebuttal of the Director's *prima facie* case because Dr. Fleming's testimony was insufficient to show that Kisker's blood alcohol level was under .080 percent at the time he was stopped and no other evidence was presented to establish that his blood alcohol level was below the legal limit at the time he was stopped.

The essence of the Director's criticism of Dr. Fleming's testimony is that it was based solely upon information provided by Kisker and inserted into a calculation worksheet. The expert did not conduct any testing of Kisker and the particular rate at which he absorbs or metabolizes alcohol, to either confirm or refute certain assumptions made within that worksheet. The issues raised by the Director touch upon the weight and credibility of Dr. Fleming's expert testimony. Again, those were matters for the trial court to resolve and we must defer to those determinations.

Under the evidence presented at trial, Kisker's breathalyzer test, conducted some time after he was stopped by the arresting officer, registered a blood alcohol level right at the legal limit of .080 percent. Dr.

Fleming testified that Kisker, to a reasonable degree of medical certainty, had an actual blood alcohol level somewhat lower than .080 percent at the time he was stopped, placing it below the legal limit. This testimony was sufficient to raise a genuine issue of fact as to whether Kisker had a lower blood alcohol level than .080 percent at the time he was stopped by the arresting officer. Given such evidence, the trial court did not err in finding that Kisker had successfully rebutted the Director's prima facie case. Point denied.

## III. Assessment of Costs Against the Director

In the third and final point on appeal, the Director contends that the trial court erred in its judgment by ordering the Director to pay the costs of the action. Section 536.087.1, RSMo 2000, permits the assessment of costs against the losing party in an agency proceeding or civil action. However, drivers' license proceedings are expressly excluded from such assessment pursuant to Section 536.085(1), RSMo 2000. Kisker concedes that the trial court was without authority to assess costs against the Director and that the assessment of costs must be reversed.

We, therefore, reverse the judgment below, insofar as it assessed costs against the Director. In all other respects, the judgment is affirmed.

PATRICIA BRECKENRIDGE, Judge, and JOSEPH M. ELLIS, Judge, concur.