Theodore R. NORRIS, Respondent,

v.

DIRECTOR OF REVENUE FOR the STATE of Missouri, Appellant.

No. WD 63933.

Missouri Court of Appeals, Western District.

Feb. 8, 2005.

Rehearing Denied March 29, 2005.

Brian Barnhill, Jefferson City, MO, for Appellant.

Jeffrey S. Eastman, Gladstone, MO, for Respondent.

Before LOWENSTEIN, P.J., BRECKENRIDGE and SMART, JJ.

HAROLD L. LOWENSTEIN, Judge.

The Director of Revenue (Director) appeals from the order of the circuit court reinstating Theodore Norris' driver's license. Norris' license had been revoked for refusing to submit to a chemical test, pursuant to Section 577.041.[1] The judgment is reversed.

## FACTS

In October 2003, Corporal Eric Hurst of the Missouri Highway Patrol was responding to a call notifying him of a car accident. En route, Hurst encountered Norris' vehicle traveling down the left-hand passing lane of the road. Despite the emergency lights and sirens being activated, Norris failed to yield to allow Hurst to pass. At that point, Hurst was notified that he was not needed at the scene of the accident. Hurst subsequently pulled in front of Norris' vehicle and signaled for Norris to pull over.

After stopping the vehicle, Hurst asked Norris to gather his license and proof of insurance and come to the patrol car. As Norris walked to the patrol car, Hurst observed that Norris had difficulty keeping his balance and was swaying as he walked. Once Norris was inside the patrol car, Hurst noticed a strong odor of intoxicants from Norris' breath, that Norris' eyes were bloodshot and watery, and that Norris' speech was slow and slurred.

Hurst then administered three field sobriety tests—the horizontal gaze nystagmus (HGN) test, an alphabet test requiring Norris to recite the letters of the alphabet, and a counting test. However, the HGN test was performed in a modified manner and the other two tests are non-standardized tests. Norris was subsequently arrested for suspicion of driving while intoxicated. Afterwards, Norris refused to submit to a chemical test, which led to the revocation of his license.

## ANALYSIS

In order to revoke a driver's license pursuant to Section 577.041, the Director must establish that: (1) the person was arrested; (2) the arresting officer had reasonable grounds to believe the person was driving while intoxicated; and (3) the person refused to submit to the chemical test. *Rosa v. Dir. of Revenue*, 948 S.W.2d 727, 728 (Mo.App.1997). If the trial court finds that any of these criteria have not been satisfied, then the person's driver's license must be reinstated. *Id.*

Here, there is no dispute as to the first and third element. Therefore,

1. All statutory references are to RSMo. (2000) unless otherwise stated.

the only issue on appeal is whether Corporal Hurst had reasonable grounds to believe that Norris was driving while intoxicated. " 'Reasonable grounds' is virtually synonymous with probable cause." *Stewart v. Dir. of Revenue*, 75 S.W.3d 900, 902 (Mo.App.2002). "[A] vast gulf exists between the quantum of information necessary to establish probable cause and the quantum of evidence required to prove guilt beyond a reasonable doubt." *Wilcox v. Dir. of Revenue*, 842 S.W.2d 240, 243 (Mo.App.1992). In determining whether reasonable grounds exist, a court must evaluate the situation from the viewpoint of a cautious, trained, and prudent police officer at the time of arrest. *Terry v. Dir. of Revenue*, 14 S.W.3d 722, 724 (Mo.App. 2000).

■ Norris maintains that Corporal Hurst did not have reasonable grounds for believing that he was driving while intoxicated because the three field sobriety tests conducted were either improperly done or were non-standardized tests. However, field sobriety tests are not mandatory. *Chancellor v. Lohman*, 984 S.W.2d 857, 858 (Mo.App.1998). Field sobriety tests merely aid an officer's attempt to determine whether there is probable cause to arrest. *Id.* Therefore, the absence of a properly performed field sobriety test will not by itself preclude a finding that there were reasonable grounds to believe that an individual was driving while intoxicated. *See id.; Terry*, 14 S.W.3d at 725.

■■ In this case, Corporal Hurst testified to several factors that are sufficient to form a reasonable belief that Norris was driving while intoxicated. Hurst testified that he observed Norris having difficulty maintaining his balance and that Norris swayed as he walked towards the patrol car. Hurst also noticed that when he spoke to him, Norris' speech was slow and slurred. Additionally, Hurst indicated that he smelled a strong odor of intoxicants on Norris' breath. None of this evidence was contradicted at trial.[2] Similar facts in other cases have been found to provide an officer with reasonable grounds for believing that an individual had been driving while intoxicated. *See Rain v. Dir. of Revenue*, 46 S.W.3d 584, 588–89 (Mo.App.2001) (finding that driver's glassy and bloodshot eyes, unsteadiness on his feet, slurred speech, and difficulty concentrating, were sufficient indicia of intoxication to provide reasonable grounds for the officer to believe that the driver was driving while intoxicated).

Consequently, this court finds that the trial court erred in setting aside the revocation. Accordingly, the judgment is reversed and remanded with instructions for the trial court to enter judgment affirming the Director's revocation of Norris' license.

All concur.

---

2. " '[W]hen the evidence supporting revocation is uncontroverted and the trial court has not specifically found the director's witness incredible, appellate courts will not presume that the trial judge found a lack of credibility and will not affirm on that basis.' " *Brown v. Director of Revenue*, 85 S.W.3d 1, 7 (Mo. banc 2002) (quoting *Mathews v. Director of Revenue*, 8 S.W.3d 237, 238 (Mo.App.1999)). Consequently, [I]f the evidence is uncontroverted or admitted so that the real issue is a legal one as to the legal effect of the evidence, then there is no need to defer to the trial court's judgment. *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002).