STATE of Missouri, Plaintiff–Appellant,

v.

**Mark Stephen BECK, Defendant–Respondent.**

No. SD 32651.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 7, 2013.

Matthew J. Arens, Springfield, MO, for appellant.

Craig A. Johnston, Columbia, MO, for respondent.

MARY W. SHEFFIELD, J.

This is an appeal from the trial court's order granting a motion to suppress evidence. Pursuant to Section 547.200(3), RSMo (2000), the State may file an interlocutory appeal from such an order. The State argues the trial court clearly erred in finding there was no reasonable suspicion to support the traffic stop that resulted in the arrest of Mark Stephen Beck ("Defendant") for driving while intoxicated. We disagree and affirm the trial court's order.

### Standard of Review

When we review the trial court's decision regarding a motion to suppress, we must determine whether there was sufficient evidence to support the trial court's decision and we reverse the trial court's decision only if it is clearly erroneous. *State v. Smith*, 373 S.W.3d 502, 504 (Mo. App.S.D.2012). "Whether conduct violates the Fourth Amendment is an issue of law

that this Court reviews *de novo*." *State v. Brown*, 332 S.W.3d 282, 285 (Mo.App.S.D. 2011). In contrast, "[t]he trial court's credibility determinations and findings on disputed facts are entitled to deference, and we 'consider[ ] all evidence and reasonable inferences in the light most favorable to the trial court's ruling.' " *Id.* (quoting *State v. Sund*, 215 S.W.3d 719, 723 (Mo. banc 2007)). All contrary evidence and inferences are disregarded. *State v. Abeln*, 136 S.W.3d 803, 808 (Mo.App.W.D. 2004).

### Factual and Procedural Background

Defendant was charged with driving while intoxicated and filed a motion to suppress the evidence in the case. Officer Pete Schisler ("Officer Schisler") of the Republic Police Department was the only witness at the motion to suppress hearing. On March 19, 2012, at about 11:00 a.m., Officer Schisler was headed east on Highway 60 in Greene County. He noticed a pickup truck traveling in the opposite direction. The pickup truck was driving over the fog line separating the shoulder of the road from the driving lane. Officer Schisler turned around and caught up with the pickup truck. He activated his emergency lights. The pickup truck pulled over, and Officer Schisler discovered Defendant was driving the pickup. After investigation, Officer Schisler arrested Defendant for driving while intoxicated. The trial court granted the motion to suppress, stating "mere touching or crossing the fog line by itself" does not justify a traffic stop. The State appealed.

### Discussion

In its sole point relied on, the State argues the trial court clearly erred in granting the motion to suppress because there was reasonable suspicion for the traffic stop. We disagree.

Both the Missouri Constitution and the Fourth Amendment to the United States Constitution protect the people against unreasonable searches and seizures. U.S. Const. amend. IV; Mo. Const. art I, § 15; *see also State v. Pike*, 162 S.W.3d 464, 472 (Mo. banc 2005). Generally speaking, a search or seizure without a warrant is unreasonable unless the circumstances bring it within a well-recognized exception. *Id.* One such exception involves the so-called *Terry*[1] stop. *Id.* Under that exception, officers may conduct a brief investigatory stop where they have "a 'reasonable suspicion' based on 'specific and articulable facts' that illegal activity has occurred or is occurring." *Id.* (quoting *Terry*, 392 U.S. at 21 and 37, 88 S.Ct. 1868). In the case of a traffic stop, reasonable suspicion which would justify the stop may be based on an officer's observation of erratic or unusual operation of a motor vehicle. *Id.* In *State v. Roark*, 229 S.W.3d 216, 220 (Mo.App.W.D.2007), however, the Western District of this Court held a traffic stop is not justified where the only articulable fact offered to support the conclusion of reasonable suspicion is that the tires of a motor vehicle crossed the fog line. *See also Abeln*, 136 S.W.3d at 812; *State v. Mendoza*, 75 S.W.3d 842, 845–46 (Mo.App.S.D.2002).

In the present case, the trial court found Officer Schisler observed "mere touching or crossing the fog line[.]" Based on that finding and the result in *Roark*, *Abeln*, and *Mendoza*, it cannot be said the trial court clearly erred in granting the motion to suppress.

In support of its argument to the contrary, the State discusses *State v. Pike*, 162 S.W.3d 464 (Mo. banc 2005); *State v. Brown*, 332 S.W.3d 282 (Mo.App.S.D.2011); *State v. Malaney*, 871 S.W.2d 634 (Mo. App.S.D.1994); *State v. Huckin*, 847

---

1. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20    L.Ed.2d 889 (1968).

S.W.2d 951 (Mo.App.S.D.1993); and *State v. Marshell,* 825 S.W.2d 341 (Mo.App.S.D. 1992). But in those cases, the evidence was not merely that the tires of the vehicle touched the fog line. For example, in *Brown, Malaney, Huckin,* and *Marshell,* the trial courts credited testimony describing the vehicle as swerving or weaving within the lane. *Brown,* 332 S.W.3d at 284; *Malaney,* 871 S.W.2d at 635; *Huckin,* 847 S.W.2d at 953; *Marshell,* 825 S.W.2d at 342. Here, in contrast, while Officer Schisler testified Defendant's car was weaving, the trial court did not accept that fact in its ruling. Rather, the trial court stated the vehicle merely touched or crossed the fog line. The cases upon which the State relies are similar to this case only if this Court accepts the testimony that the truck weaved. Thus, by citing these cases, the State is relying on a fact that the trial court did not find and that is contrary to the trial court's ruling. That reliance is impermissible under our standard of review. *See Abeln,* 136 S.W.3d at 808 (noting that on appellate review the court must disregard all evidence contrary to the trial court's ruling). The State's reliance on *Pike* is even more misplaced because in *Pike* there were additional facts: the incident occurred at 2:20 a.m., very late at night, and the driver was following another vehicle too closely. 162 S.W.3d at 473.

The trial court did not clearly err in determining Officer Schisler did not have reasonable suspicion for the stop. The State's sole point on appeal is denied.

### Decision

The trial court's order is affirmed.

JEFFREY W. BATES, P.J., and DON E. BURRELL, J., concurs.