**Raymond Richard WILLIAMS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 104052**

Missouri Court of Appeals, Eastern District, **DIVISION THREE.**

Filed: June 6, 2017

Rachel M. Jones, PO Box 475, 301 W. High Street, Jefferson City, Mo. 65105, for appellant.

Raymond Richard Williams, P.O. Box 899, Jefferson City, MO. 65102, Pro Se.

## OPINION

Angela T. Quigless, P.J.

The Director of Revenue (the "Director") suspended Raymond Richard Williams' ("Williams" or "Petitioner") driving privileges, pursuant to Section 302.505,[1] for driving with a blood alcohol concentration above the legal limit. Williams filed a petition for trial *de novo* in the Circuit Court of St. Charles County, arguing there was insufficient reasonable suspicion to justify the traffic stop. The trial court granted Williams' petition and reinstated his driving privileges. The Director appeals from the trial court's judgment reinstating Williams' driving privileges. We reverse and remand with instructions.

### Factual and Procedural Background

Officer House was on patrol when he observed Williams' vehicle "drift right crossing both passenger side tires over the solid white line on the shoulder of the roadway." Officer House conducted a traffic stop. While speaking with Williams, Officer House observed Williams' eyes were glassy and bloodshot, and detected a strong odor of intoxicating beverage emanating from the vehicle. Williams agreed to take a set of three Standardized Field Sobriety tests, which he failed. Officer House then arrested Williams for driving while intoxicated. Williams was taken to the police station, where he consented to a chemical breath test. The test recorded a blood alcohol concentration of .102 percent.

---

1. All statutory references are to RSMo (2000), unless otherwise indicated.

After an administrative hearing, the Director suspended Williams' driving privilege, pursuant to Section 302.505, for driving with a blood alcohol concentration of .08 percent or greater. Williams filed a petition for trial *de novo*. At trial, the Director submitted Officer House's alcohol influence report and supporting documentation into evidence. Williams did not object to any of the evidence. Williams argued that the alcohol incident "report is false" and that "[i]t fails on the sufficiency of the legality of the stop" because "just touching the fog line is not reasonable suspicion for anything." The Director responded that, because Williams was over the age of twenty-one, Section 302.505 did not require probable cause for the initial traffic stop, only probable cause for the arrest.

The trial court entered judgment against the Director, setting aside the suspension of Williams' driving privileges. In its written judgment, the trial court made the following findings of fact and conclusions of law:

1. At approximately 1:41 a.m. on September 5, 2015, the arresting officer stopped Petitioner's vehicle. A strong smell of alcoholic beverages emanated from Petitioner's breath. Petitioner's eyes were bloodshot and glassy. Petitioner, who was the only occupant of the car and who was sitting in the driver's seat, admitted he had been drinking. When Petitioner got out of his vehicle to perform certain field sobriety tests, he was swaying. Petitioner failed the HGN test, the one-leg stand test and the heel-to-toe test.

2. The arresting officer asked Petitioner to take a chemical breath test. Petitioner's chemical breath test recorded a blood alcohol concentration of .102% by weight. The accuracy of these results was not challenged at trial.

3. To prevail here, the Director must establish by a preponderance of the evidence that Petitioner was driving with a blood alcohol concentration of .08% or greater. § 302.505.1, RSMo. Generally, the probable cause is provided by some illegal or erratic driving behavior that first attracts the attention of the arresting officer.

4. Here, the *only* behavior described by the arresting officer is that he "observed [Petitioner's] vehicle drift right crossing both passenger side tires over the solid white line on the shoulder of the roadway." Resp. Ex. A. Without more, this did not provide sufficient reasonable suspicion to justify the traffic stop. State v. Beck, 436 S.W.3d 566 (Mo. App. 2013).

5. Based upon the findings set forth above, the Court does not find that, on September 5, 2015, the arresting officer had probable cause to believe Petitioner was driving with a blood alcohol concentration of .08% or greater.

This appeal follows.

## Discussion

The Director raises one point on appeal, arguing the trial court erred as a matter of law in reinstating Williams' driving privileges on the ground that the arresting officer did not have reasonable suspicion for the traffic stop because Section 302.505 does not require an officer to have reasonable suspicion for a traffic stop in a civil driver license suspension case where the driver is over the age of twenty-one. We agree.

In reviewing a court-tried case, this Court will uphold the judgment of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it misstates or misapplies the law. *Strup v. Dir. of Revenue*, 311 S.W.3d 793, 797 (Mo. banc 2010). This

Court will not affirm a trial court judgment that erroneously declares or applies the law. *Id.* "Additionally, as in any court-tried civil case, the trial court can disbelieve all, some, or none of the director's evidence on the contested issue of probable cause." *White v. Dir. of Revenue*, 321 S.W.3d 298, 302 (Mo. banc 2010). "We review declarations of law de novo." *Bartholomew v. Dir. of Revenue*, 462 S.W.3d 465, 469 (Mo. App. E.D. 2015).

█ Section 302.505 provides the Director shall suspend an individual's driving privileges upon determining an individual was arrested upon probable cause to believe he or she was driving with a blood alcohol content of .08 percent or greater. Section 302.505.1; *White*, 321 S.W.3d at 302. In a trial *de novo*, the Director has the burden of proving two elements by a preponderance of the evidence: "(1) there was probable cause for arresting the driver for violating an alcohol-related offense; and (2) the driver's [blood alcohol concentration] exceeded the legal limit of 0.08 percent." *Bartholomew*, 462 S.W.3d at 469.

The second element is not at issue. Williams does not contest the accuracy of the chemical breath test, which recorded a blood alcohol concentration of .102 percent. The only issue is whether the trial court correctly declared or applied the law when it concluded there was no probable cause to arrest Williams for violating an alcohol-related offense.

█ The standard for determining whether there was probable cause to arrest an individual for driving in violation of an alcohol-related offense is set forth in *White v. Director of Revenue*:

The probable cause required for the suspension or revocation of a driver's license is the level of probable cause necessary to arrest a driver. That level of probable cause will exist when a police officer observes unusual or illegal operation of a motor vehicle and observes indicia of intoxication *on coming into contact with the motorist.* Probable cause, for purposes of section 302.505, will exist when the surrounding facts and circumstances demonstrate to the senses of a reasonably prudent person that a particular offense has been or is being committed.... The trial court must assess the facts by viewing the situation as it would have appeared to a prudent, cautious, and trained police officer.

*White*, 321 S.W.3d at 309 (emphasis added) (citations and quotations omitted).

Here, the trial court misstated and misapplied the applicable law when it found there was not "sufficient reasonable suspicion to justify the traffic stop" because "the *only* behavior described by the arresting officer is that he 'observed [Williams'] vehicle drift right crossing both passenger side tires over the solid white line on the shoulder of the roadway'" (emphasis in original), relying on *State v. Beck*, 436 S.W.3d 566, 568 (Mo. App. S.D. 2013). The court then concluded Officer House did not have "probable cause to believe Williams was driving with a blood alcohol concentration of .08% or greater."

By relying on *State v. Beck*, the trial court erroneously declared and applied the law by conflating the standard for *probable cause* to arrest with the standard for *reasonable suspicion* to conduct a traffic stop. In *Beck*, a criminal case, the Southern District affirmed a trial court order granting a motion to suppress evidence obtained following a traffic stop because the police officer "did not have reasonable suspicion for the stop." *Id.* at 569. The court held that "a traffic stop is not justified where the only articulable fact offered to support the conclusion of reasonable suspicion is that the tires of a motor vehicle crossed

the fog line." *Id.* at 568 (citing *State v. Abeln*, 136 S.W.3d 803, 812 (Mo. App. W.D. 2004)).

■ The trial court's reliance on *Beck* was misplaced. The holding in *Beck* that evidence was properly excluded from the defendant's criminal trial was based on the court's conclusion that the traffic stop violated the defendant's right to be free from unreasonable searches under the Fourth Amendment to the United States Constitution. *Id.* at 568. Under the Fourth Amendment, "[i]t is well-established that the exclusionary rule requires that evidence obtained in violation of the fourth amendment [sic] cannot be used in a criminal proceeding against the victim of an illegal search and seizure." *Riche v. Dir. of Revenue*, 987 S.W.2d 331, 333 (Mo. banc 1999). However, the Supreme Court also held in *Riche* that "the exclusionary rule does not apply in administrative proceedings to suspend or revoke a driver's license." *Id.* at 334, 336; *see also Gordon v. Dir. of Revenue*, 896 S.W.2d 737, 740 (Mo. App. E.D. 1995); *Sullins v. Dir. of Revenue*, 893 S.W.2d 848, 850 (Mo. App. S.D. 1995); *Green v. Dir. of Revenue*, 745 S.W.2d 818, 821 (Mo. App. W.D. 1988).

■ In a criminal trial for driving while intoxicated, such as *Beck*, an arresting officer must have reasonable suspicion to stop a vehicle prior to conducting the traffic stop, otherwise the evidence collected as a result of the stop will be inadmissible under the exclusionary rule of the Fourth Amendment. *Beck*, 436 S.W.3d at 568. So long as there was reasonable suspicion to conduct the initial traffic stop, evidence obtained after the stop may be used to establish the probable cause necessary to arrest the driver. In contrast, in an administrative suspension hearing where the driver is over the age of twenty-one, such as the present case, there must only be probable cause to arrest the driver, and

the sufficiency of the legal basis to justify the initial traffic stop is immaterial. *Riche*, 987 S.W.2d at 336. Because the exclusionary rule does not apply in a civil license suspension case, the court may consider all evidence obtained at any point prior to the arrest in determining whether there was probable cause to arrest, regardless whether there was reasonable suspicion for the initial traffic stop. *Id.*

■ Here, the trial court erred in requiring the Director to prove there was *reasonable suspicion to justify stopping* Williams' vehicle. The Director was only required to prove there was *probable cause to arrest* Williams for driving in violation of an alcohol related offense. *Id.* at 333. In determining whether there was probable cause, the trial court should have considered both evidence of "unusual or illegal operation of a motor vehicle" prior to stopping the driver, and evidence of "indicia of intoxication *on coming into contact with the motorist.*" *White*, 321 S.W.3d at 309. We note the court found that, prior to stopping Williams, Officer House observed Williams' vehicle cross the fog line (unusual operation of a motor vehicle). The court also found that, upon coming into contact with Williams, Officer House observed his eyes were "bloodshot and glassy," there was a "strong smell of alcoholic beverages emanated from [Williams'] breath," and Williams failed three field sobriety tests (indicia of intoxication). For the purposes of assessing probable cause under Section 302.505, the court must assess the surrounding facts and circumstances "by viewing the situation as it would have appeared to a prudent, cautious, and trained police officer." *Id.* Therefore, the trial court misstated the law by concluding the probable cause determination should be based on reasonable suspicion of the "driving behavior that *first attracts the attention of the arresting offi-*

*cer"* in justifying the stop. (emphasis added).

Having found the trial court erroneously declared and applied the law in relying on *State v. Beck*, we reverse the judgment reinstating Williams' driving privileges under Section 302.505. We remand the case to the trial court for further proceedings consistent with the applicable standard for probable cause set forth in *White v. Director of Revenue*. Point granted.

### Conclusion

The judgment is reversed and the case is remanded to the trial court for additional proceedings in accordance with this opinion.

Robert G. Dowd, Jr., J., and Lisa Van Amburg, J., concur.