

# In the
# Missouri Court of Appeals
# Western District

JUSTIN RICHARD TURNER, )
)
Respondent, )  WD83439
)
v. )  OPINION FILED:
)  September 29, 2020
DIRECTOR OF REVENUE, )
)
Appellant. )

**Appeal from the Circuit Court of Henry County, Missouri**
The Honorable Harold L. Dump II, Judge

Before Division Four:  Cynthia L. Martin, Chief Judge, Presiding, Alok Ahuja, Judge and
Edward R. Ardini, Jr., Judge

The Director of Revenue ("Director") appeals the trial court's judgment setting aside the suspension of Justin R. Turner's ("Turner") driving privileges pursuant to section 302.505.1[1]  The Director argues on appeal that the trial court committed legal error by basing this decision on a finding that there was no evidence of criminal activity to support the officer's traffic stop.  The Director also argues that the trial court erred in finding that there was no probable cause to arrest Turner for driving while intoxicated

---

[1]All statutory references are to RSMo 2016 as supplemented through the date of Turner's arrest on February 20, 2019, unless otherwise indicated.

because no field sobriety tests were performed. We reverse the trial court's judgment and enter judgment in favor of the Director pursuant to Rule 84.14.

**Factual and Procedural Background[2]**

On February 20, 2019, at 1:01 a.m., Deputy Morgan Webb ("Deputy Webb") and Deputy Ethan Logan ("Deputy Logan") of the Henry County Sheriff's Office observed a white Chevrolet truck in a field of a city-owned park. It was snowing and snow had accumulated on the ground. The truck was unoccupied and appeared to be stuck in the field, as the ground was disturbed around its tires and there were ruts in the mud. Despite the cold temperatures, the truck was still warm. Deputy Webb testified that upon looking inside of the vehicle, he observed "a container of what appeared to be an alcoholic beverage." Deputy Webb's narrative report indicates the container was empty. Although there were footprints in the snow leading from the truck to a nearby restroom, a canvas of the area did not immediately reveal any potential driver.

During a search for the driver, dispatch notified Deputy Webb that the truck belonged to Turner. The registration for the white Chevrolet truck was also associated to a 2004 GMC.

Fifteen minutes after the deputies initially observed the truck in the field, they witnessed it leaving the area of the park. While following the truck, the deputies did not detect any traffic violations. However, because the park had closed at 11:00 p.m., and the

---

[2]"We view '[t]he evidence and reasonable inferences drawn therefrom . . . in the light most favorable to the trial court's judgment and [disregard] all contrary evidence and inferences.'" *Waters v. Dir. of Revenue*, 588 S.W.3d 209, 211 n.1 (Mo. App. W.D. 2019) (quoting *Boggs v. Dir. of Revenue*, 564 S.W.3d 693, 697 (Mo. App. W.D. 2018)). The trial court's judgment found the Director's evidence to be credible. We therefore draw the factual summary from the Director's evidence.

2

truck was being driven from the park after being found stuck in the field with an empty alcohol container inside, Deputy Webb initiated a traffic stop and contacted the driver who was later identified as Turner. Deputy Webb's narrative report indicates that the deputies asked Turner why his truck was previously in the field and Turner responded that he "slid off the road and got stuck." The narrative report further states that the deputies did not observe slide marks in the snow on the road.

Deputy Webb indicated that he detected a strong odor of alcohol emanating from Turner and his truck, his eyes were watery, and his speech was slurred. Turner admitted to drinking alcohol earlier in the night. Deputy Webb testified that he attempted to perform field sobriety tests on Turner; however, Turner refused to perform the tests and stated to the deputies, "I can't," and "I won't pass them." Deputy Webb then arrested Turner for driving while intoxicated. At the police station, Turner submitted a breath sample which showed he had a blood alcohol content ("BAC") of .174 percent.

Following the breath test, Turner's driving privileges were suspended as a result of driving with a BAC in excess of the legal limit set forth in section 302.505.1. Turner requested an administrative hearing to review the suspension of his driving privileges. Following a hearing on May 1, 2019, an administrative hearing officer for the Director of Revenue affirmed the suspension. Thereafter, Turner filed a timely petition for trial *de novo* pursuant to section 302.535, and the Circuit Court of Henry County conducted a hearing. At that hearing, Deputy Webb, the investigating deputy, and Deputy Oakes, the breathalyzer operator, testified. The Director introduced one exhibit consisting of Deputy Webb's alcohol influence report and supporting documents. Turner affirmatively stated

3

that he had no objection to the admission of the Director's exhibit, other than to object that there was no probable cause to arrest Turner.

On November 12, 2019, the trial court entered its "Amended Findings of Fact, Conclusions of Law and Judgment," finding that the evidenced adduced by the Director was credible. The court ruled that there was no probable cause to arrest Turner "for an alcohol-related offense, in that: no field sobriety tests performed." Furthermore, on the issue of probable cause to arrest, the court found that there was "insufficient evidence to support initiating traffic stop. Officer did not testify to any suspicion of criminal activity." The court did not make a finding as to Turner's BAC "due to finding insufficient evidence to justify initiating traffic stop and no probable cause for arrest."

The Director appeals.

### Standard of Review

We review the trial court's judgment in a license revocation case as we do any other court-tried civil case. *Nix v. Dir. of Revenue*, 573 S.W.3d 156, 159 (Mo. App. W.D. 2019). "'[T]he trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.'" *Id.* (quoting *White v. Dir. of Revenue*, 321 S.W.3d 298, 307-08 (Mo. banc 2010)). While we defer to the trial court on issues of fact, including the resolution of contested evidence and credibility determinations, questions of law are reviewed *de novo*. *White*, 321 S.W.3d at 308. "We review declarations of law *de novo*." *Smith v. Dir. of Revenue*, 560 S.W.3d 898, 902 (Mo. App. W.D. 2018) (quoting *Auck v. Dir. of Revenue*, 483 S.W.3d 440, 444 (Mo. App. E.D. 2016)).

4

**Analysis**

The Director raises two points on appeal, both of which concern the trial court's conclusion that the Director failed to meet its burden to establish grounds for suspending Turner's driver's license. The Director had the burden to establish the grounds for Turner's suspension by a preponderance of the evidence. *Smith*, 560 S.W.3d at 903 (quoting *White*, 321 S.W.3d at 309, n. 11). Section 302.505.1 sets forth the grounds for suspension:

> The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was eight-hundredths of one percent or more by weight, based on the definition of alcohol concentration in section 302.500[.]

Thus, "[t]o establish a prima facie case for suspension of a driver's license pursuant to section 302.505.1, the Director of Revenue 'must present evidence that, at the time of the arrest: (1) the driver was arrested on probable cause for violating an alcohol-related offense; and (2) the driver's blood-alcohol concentration exceeded the legal limit of .08 percent.'" *Boggs v. Dir. of Revenue*, 564 S.W.3d 693, 697 (Mo. App. W.D. 2018) (quoting *Shanks v. Dir. of Revenue*, 534 S.W.3d 381, 386 (Mo. App. W.D. 2017)).

Here, the trial court expressly found the Director's evidence to be credible. Despite this finding, the trial court found the Director's credible evidence failed to sustain the Director's burden to establish probable cause to arrest Turner because no field sobriety tests were performed and because there was insufficient evidence to support initiating a traffic stop since the arresting officer did not testify that he suspected criminal

5

activity. The Director's points on appeal thus claim error by the trial court in imposing hurdles to establishing probable cause to arrest that are not supported by the law.

We have elected to discuss the Director's points separately and out of order.

*Point Two: Lawfulness of Traffic Stop*

In its second point on appeal, the Director challenges the trial court's conclusion that the Director did not meet its burden to establish probable cause to arrest Turner because there was insufficient evidence to support a traffic stop as the arresting officer did not testify to any suspicion of criminal activity. The Director argues that this was legal error as it was not required to establish that there was a reasonable suspicion that Turner was engaged in criminal activity prior to his traffic stop.

There is no authority which supports imposing on the Director an obligation to establish a reasonable suspicion of criminal activity prior to a traffic stop. In fact, settled precedent in this State provides that the sufficiency of the legal basis to justify the initial traffic stop is immaterial in an administrative suspension hearing.

In *Riche v. Director of Revenue*, 987 S.W.2d 331(Mo. banc 1999), our Supreme Court expressly held:

> [N]either section 302.505.1 nor the constitution[] . . . require that the arresting officer's initial stop be based upon probable cause. To the extent that [other Missouri cases] impose a probable cause requirement on the initial stop and apply the exclusionary rule in section 302.505 proceedings, they are overruled.

*Id*. at 336. Since *Riche*, our courts have consistently reinforced this holding. *See Williams v. Dir. of Revenue*, 521 S.W.3d 658, 663 (Mo. App. E.D. 2017) (holding that the Director was only required to prove that the arrest for driving in violation of an

alcohol-related offense was based upon probable cause, not that there was reasonable suspicion to justify the stop); *Barlow v. Fischer*, 103 S.W.3d 901, 906 (Mo. App. W.D. 2003); *Siehndel v. Russell-Fischer*, 114 S.W.3d 449, 452 (Mo. App. W.D. 2003) (the lawfulness of an arrest, aside from the requirement that it be based on probable cause, is not at issue in a 302.505.1 proceeding); *Whitworth v. Dir. of Revenue*, 990 S.W.2d 115, 118 (Mo. App. W.D. 1999) (Director met its burden for a suspension under 302.505.1, despite a question of whether officers had authority to stop the driver).

"Here, the trial court erred in requiring the Director to prove there was reasonable suspicion to justify stopping [Turner's] vehicle." *Williams*, 521 S.W.3d at 663. "The Director was only required to prove there was probable cause to arrest [Turner] for driving in violation of an alcohol related offense." *Id.*

The trial court committed legal error by relying on a finding that there was insufficient evidence of criminal activity to support a traffic stop to conclude that the Director did not sustain its burden to establish probable cause to arrest Turner for driving in violation of an alcohol-related offense.

Point Two is granted.

### *Point One: Necessity of Field Sobriety Tests*

In its first point on appeal, the Director challenges the trial court's conclusion that the Director did not meet its burden to establish probable cause to arrest Turner because no field sobriety tests were performed. The Director argues that this was legal error because field sobriety tests are not required to establish probable cause to arrest for an alcohol-related offense.

7

> The probable cause required for the suspension or revocation of a driver's license is the level of probable cause necessary to arrest a driver for an alcohol-related violation. That level of probable cause will exist when a police officer observes unusual or illegal operation of a motor vehicle and observes indicia of intoxication on coming into contact with the motorist. Probable cause, for purposes of section 302.505, will exist when the surrounding facts and circumstances demonstrate to the senses of a reasonably prudent person that a particular offense has been or is being committed . . . . The trial court must assess the facts by viewing the situation as it would have appeared to a prudent, cautious, and trained police officer.

*White*, 321 S.W.3d at 309 (citations and quotations omitted). In determining whether there was probable cause, a trial court should "consider both evidence of 'unusual or illegal operation of a motor vehicle' prior to stopping the driver, and evidence of 'indicia of intoxication on coming into contact with the motorist.'" *Williams*, 521 S.W.3d at 663 (quoting *White*, 321 S.W.3d at 309).

Here, the trial court found that the evidence adduced by the Director was credible. That evidence established that at 1:01 a.m., deputies found an abandoned white Chevrolet truck stuck in a field of a city-owned park that closed at 11:00 p.m. The truck, which belonged to Turner, was still warm, indicating the driver had only recently left the area. There was an empty container of alcohol inside of the truck. Fifteen minutes later, the deputies saw the truck leaving the area, conducted a traffic stop, and identified Turner as the driver. When asked why his truck was previously in the field, Turner stated that "he slid off the road and got stuck." Deputy Webb indicated that he did not observe marks in the snow on the road to support such a statement.

Deputy Webb attested that he detected a strong odor of alcohol emanating from Turner and his truck, his eyes were watery, and his speech was slurred. Turner admitted

8

to drinking alcohol earlier in the night. Deputy Webb testified that he attempted to perform field sobriety tests; however, Turner refused to perform the tests, telling the deputies, "I can't," and "I won't pass them." Turner was then placed under arrest for driving while intoxicated.

Despite this evidence which was deemed credible by the trial court, the trial court found that the Director did not sustain its burden to establish probable cause to arrest Turner "for an alcohol-related offense, in that: no field sobriety tests performed."[3] However, "'field sobriety tests are not mandatory.'" *Coyle v. Dir. of Revenue*, 88 S.W.3d 887, 894 (Mo. App. W.D. 2002) (quoting *Terry v. Dir. of Revenue*, 14 S.W.3d 722, 724 (Mo. App. W.D. 2000). "'Even in the absence of any field sobriety tests, we have held similar observations by an arresting officer to constitute sufficient evidence to meet the test of probable cause.'" *Id.* (quoting *Terry*, 14 S.W.3d at 725). Though field sobriety tests are not required, the refusal to take field sobriety tests constitutes evidence of intoxication in administrative license proceedings. *Edmisten v. Dir. of Revenue*, 92 S.W.3d 270, 274 (Mo. App. W.D. 2002); *Flaiz v. Dir. of Revenue*, 182 S.W.3d 244, 249 (Mo. App. W.D. 2005); *Hockman v. Dir. of Revenue*, 103 S.W.3d 382, 385 (Mo. App. W.D. 2003).

The trial court committed legal error by relying on a finding that no field sobriety tests were conducted to conclude that the Director did not sustain its burden to establish probable cause to arrest Turner for driving in violation of an alcohol-related offense.

---

[3]The trial court also cited "insufficient evidence to support initiating traffic stop. Officer did not testify to any suspicion of criminal activity." We discussed the misapplication of the law as to this finding in Point Two.

9

Point One is granted.

### *Rule 84.14 Entry of Judgment*

Pursuant to Rule 84.14, this court "shall award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, in whole or in part, or give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case." Here, the trial court made a credibility finding, to which we are obligated to defer. *White*, 321 S.W.3d at 308. The trial court found the Director's evidence to be credible. Thus, all that remains in this case is to determine whether the evidence submitted by the Director, deemed credible by the trial court, was sufficient to establish that there was probable cause to arrest Turner for an alcohol-related offense, and that Turner's BAC exceeded the legal limit of .08 percent.

The evidence summarized in our discussion of point one, *supra*, and deemed credible by the trial judge, was sufficient to establish probable cause to arrest Turner for an alcohol-related offense. The indicia of intoxication, including Turner's watery eyes and slurred speech, the strong odor of alcohol emanating from the truck and Turner's person, along with the presence of an empty alcohol container inside the truck, Turner's admission that he had been drinking, and Turner's refusal to submit to field sobriety tests, establish by a preponderance of the evidence probable cause to arrest for an alcohol-related offense.

With respect to the element of a BAC exceeding the legal limit of .08, the Director's evidence, deemed credible by the trial court, established that Turner's BAC was .174 percent. At trial, Turner had no objection to the BAC test, and objected only

10

that the BAC report should not be admitted because there was no probable cause to arrest Turner for an alcohol-related offense. The trial court did not make a finding with respect to the essential element of Turner's BAC "due to finding insufficient evidence to justify traffic stop and no probable cause for arrest." We have already explained the trial court's legal error with respect to these matters. Thus, although the trial court did not make an express finding on the issue of Turner's BAC, no purpose would be served by remanding for that finding when the Director's credible evidence established that Turner's BAC exceeded the legal limit.

We therefore exercise our authority under Rule 84.14 to enter judgment in favor of the Director and against Turner.

### Conclusion

The judgment of the trial court is reversed. Judgment is entered in favor of the Director and against Turner. The Director's order suspending Turner's driving privileges is reinstated. The Director shall determine the length of suspension in accordance with section 302.525.2.

_Cynthia L. Martin_____
Cynthia L. Martin, Judge

All concur